■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered February 5, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with robbery in the first degree, allegedly committed on November 30, 1989, when he forcibly stole an automobile from the complainant, and while in the course of committing the robbery, displayed what appeared to be a gun *(see,* Penal Law § 160.15 [4]). At trial, the complainant testified that the defendant came into his office on the evening of November 30th to negotiate the purchase of a used 1987 Nissan Maxima. While the complainant was filling out some papers, the defendant pointed a gun at him and demanded the keys to the car. After being ordered to lie down on the floor, the complainant heard the sound of a gunshot, followed closely by the sound of an engine starting. He looked up and saw the Maxima being driven away.

The next day, two police officers on routine motor patrol stopped the defendant while he was driving the stolen Maxima, and placed him under arrest. At the police station, the defendant told one of the officers "I didn't have a gun, I just had my hand in my pocket". The police did not recover a gun from the defendant, and found no bullets or bullet holes at the scene of the robbery.

The defendant contends that reversible error occurred when the court gave the jury an overly expansive charge with respect to the prosecution's burden of proving that he displayed what appeared to be a weapon during the course of the robbery. He further contends that the charge as given permitted the jury to convict solely on the basis of his own statement to the police, a theory that is different from that charged in the indictment, and one that is not supported by the evidence in the record.

The court instructed the jury that the People were required to prove that the defendant consciously displayed something that could reasonably be perceived as a handgun with the intent of forcibly taking property, and that the victim must actually have perceived the display *(see, People v Lopez,* 73 NY2d 214, 220; *People v Baskerville,* 60 NY2d 374). Contrary to the defendant's contention, the charge did not permit the jury to convict solely on the basis of his own statement. Nor did the charge as given permit the People to advance an entirely new theory from that alleged in the indictment. The prosecution did not rely on the defendant's statement to prove that he had displayed what appeared to be a gun. Instead, the statement was offered to establish his consciousness of guilt, and his effort to mitigate the seriousness of the offense.

We also find that the defendant's sentence was not excessive

in light of his criminal history and the nature of the offense *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.