■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TATUM, Appellant. [613 NYS2d 391] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered July 31, 1992, convicting defendant, after a jury trial, of five counts of robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him to five concurrent prison terms of 5 to 15 years concurrent with a term of 1 year, respectively, unanimously affirmed.

Defendant's contention that the victims' in-court identifications should have been suppressed because of the People's failure to give notice of their station house identifications is not preserved for appellate review, and in any event does not warrant a reversal on the merits. Since no notice of the station house identifications was given pursuant to CPL 710.30, the IAS Court properly excluded testimony concerning it. Ordinarily, the in-court identifications would have been excluded as well (People v Perez, 177 AD2d 657, lv denied 79 NY2d 951), except that here the People did give timely notice of the identifications at the showup immediately following defendant's apprehension. As the People argue, this gave defendant ample opportunity to seek suppression of the in-court identifications as tainted by impermissibly suggestive pretrial police activity. Assuming arguendo that the in-court identifications should not have been allowed, any error was harmless in view of the other overwhelming evidence of defendant's guilt (People v Brin, 190 AD2d 512, lv denied 82 NY2d 751).

We have considered defendant's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.