■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BELL, Appellant. [625 NYS2d 893] —Judgment, Supreme Court, New York County (Richard Carruthers, J., at suppression hearing; Mary McGowan Davis, J., at trial and sentence), rendered December 2, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Assuming, as the People conceded at the suppression hearing, that they were required to give CPL 710.30 (1) (b) notice of the undercover officer's confirmatory drive-by identification of defendant, their failure to do so did not also require suppression of the undercover officer's subsequent station house identification, for which the People did give notice, or his in-court identification, since notice of the station house identification gave defendant ample opportunity to seek its suppression, and that of any in-court identification as tainted by impermissibly suggestive pretrial police activity including

other viewings *(People v Tatum,* 205 AD2d 397, *lv denied* 83 NY2d 1008).

Having failed to raise any objection with respect to the trial court's decision to take a brief recess immediately upon observing a juror who "seemed to be dozing", or with respect to the hearing court's decision to close the courtroom only for the testimony of an officer who was engaged in ongoing undercover work, defendant has not preserved these claims for appellate review (CPL 470.05 [2]) and we decline to review them in the interest of justice. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Williams, JJ.