■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MATA, Appellant. [632 NYS2d 652] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered July 6, 1992, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The People charged that on March 28, 1991, the defendant and two others robbed the complainant at gunpoint in the vestibule of his apartment building. The complainant picked the defendant's picture out of a photographic array and subsequently identified him in a lineup. The prosecution failed to serve any CPL 710.30 notice on the defense with respect to the photographic array, but did serve timely notice regarding the lineup identification. The court held a *Wade* hearing during which both identification procedures were explored. Following the hearing, the court ruled that during the trial the

complainant could testify to selecting the defendant from the lineup and could identify him in court, but that no reference could be made to the complainant's photographic array identification.

On appeal, the defendant argues, among other things, that because of the violation of CPL 710.30, the complainant's lineup identification should have been suppressed and his in-court identification should have been precluded. The defendant's contention is without merit. The timely notice of the complainant's lineup identification adequately alerted the defendant to the advisability of inquiring into the details of earlier identification procedures which might have tainted the prospective in-court identification, even though the procedure for which no notice was given was properly excluded *(see, e.g., People v Tatum,* 205 AD2d 397; *People v Smith,* 149 Misc 2d 998, *affd* 190 AD2d 701). Indeed, both identification procedures were thoroughly explored by defense counsel during the *Wade* hearing.

In addition, upon our review of the lineup photograph and the testimony adduced at the suppression hearing, we find that the hearing court properly denied suppression of the lineup identification of the defendant by the complainant *(see, e.g., People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833; *People v Valdez,* 204 AD2d 369; *People v Chalmers,* 163 AD2d 528; *People v Rodriguez,* 124 AD2d 611, 612).

We have considered the defendant's remaining contention and find it to be without merit. Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.