■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SIMMONS, Appellant. [633 NYS2d 582] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered December 8, 1993, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried for the commission of three robberies. Within 15 days of his arraignment, he was served with a notice pursuant to CPL 710.30 as to the People's intention to offer identification evidence at trial. Insofar as relevant to this appeal, the notice as to complainant Sybil Butler indicated that she would testify as to lineup identifications in addition to her crime scene observations. As a result of the disclosure of *Rosario* material prior to the *Wade* hearing, the defendant learned that Ms. Butler had also identified his picture from a photographic array. The defendant moved to preclude all of Ms. Butler's identification testimony at trial due to the omission of any reference to the photographic identification from the People's notice pursuant to CPL 710.30. The Supreme Court denied the application. We agree.

The People's notice pursuant to CPL 710.30 advised the defendant that Ms. Butler would testify at trial as to corporeal identifications at the crime scene and during lineups. The *Wade* hearing did include inquiry into the circumstances surrounding the photographic identification as well as the lineup and crime scene viewings. The court concluded that none of the

identification procedures were unduly suggestive, and the defendant does not challenge that ruling on this appeal. Inasmuch as the People's notice pursuant to CPL 710.30 promptly advised the defendant, within 15 days after arraignment, of the People's intention to offer at trial testimony concerning the lineup and crime scene identifications, the People discharged their statutory obligations (CPL 710.30 [1], [2]; *People v Mata,* 220 AD2d 693; *People v Smith,* 149 Misc 2d 998, *affd on other grounds* 190 AD2d 701). Moreover, contrary to the defendant's contention, preclusion of all identification testimony would be an inappropriate remedy for the People's failure to include in their notice reference to the photographic identification procedure *(see, People v Tatum,* 205 AD2d 397; *see, also, People v Mata, supra).* Indeed, since the defendant was provided with the notice to which he was statutorily entitled, without undue delay, and since he has failed to demonstrate that the Supreme Court incorrectly concluded that the photographic identification procedure was not unduly suggestive and that it did not taint subsequent identification procedures, we find that the omission from the CPL 710.30 notice of the photographic identification did not entitle him to preclusion of all of Ms. Butler's identification testimony.

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.