■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TILLMAN JONES, Appellant. [637 NYS2d 32] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered July 1, 1993, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree, and grand larceny in the third degree, and sentencing him to concurrent terms of 8 1/3 to 25 years, 5 to 15 years, and 2 to 6 years, respectively, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The record supports the findings of the hearing court. There was some question regarding whether defendant was actually represented by counsel at the time of the lineup herein, but even assuming such representation, counsel had ample advance notice of the lineup, but expressed no interest in attending. When defendant inquired of the police whether a lineup without the presence of counsel was "legal", and whether he might refuse to participate, he received appropriate responses and at no time requested the attendance of an attorney. In these circumstances, there was no denial of

defendant's right to counsel at the investigatory lineup conducted herein (*People v McRae*, 195 AD2d 180, 187, *lv denied* 83 NY2d 969).

The trial court properly permitted the prosecutor's elicitation of testimony from the complainant and the arresting officer regarding the complainant's photo identification of defendant, as defendant opened the door to such questioning on cross-examination of the complainant and such testimony was necessary to avoid the misleading impression created by defendant that the complainant had been unable to identify defendant prior to trial (*People v Mahone*, 206 AD2d 263, 264, *lv denied* 84 NY2d 869). Although the arresting officer's testimony that the complainant was calm at the time he made the photo identification of defendant may have served to bolster that identification (*People v Boyd*, 189 AD2d 433, 441, *lv denied* 82 NY2d 714), any error is harmless in light of the overwhelming evidence against defendant (*People v Johnson*, 57 NY2d 969).

Defendant's claim of error in connection with the prosecutor's elicitation of police testimony regarding the lineup herein is unpreserved (CPL 470.05). In any event, as the officer's testimony did not confirm that the complainant had made an out of court identification of defendant, it did not constitute bolstering (*People v Forbes*, 161 AD2d 485, 485-486, *lv denied* 76 NY2d 856).

As a conviction for robbery in the first degree under Penal Law § 160.15 (4) as charged herein does not require the aid of another person actually present, as does a conviction for robbery in the second degree under Penal Law § 160.10 (1) as charged herein, they are not inclusory counts (*see, People v Glover*, 57 NY2d 61, 63).

We perceive no abuse of discretion in sentencing. Concur— Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.