■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ALVARADO, Appellant. [653 NYS2d 295] —Judgment, Supreme Court, New York County (Richard Andrias, J.),

rendered August 4, 1993, convicting defendant, after a jury trial, of robbery in the first and second degrees, and grand larceny in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 9 to 18 years, 3 to 6 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's motion to preclude in-court and lineup identification testimony was properly denied. The court imposed the proper remedy for the prosecutor's failure to provide timely CPL 710.30 notice with respect to a photo identification, to wit, preclusion of that evidence (*People v Bell*, 214 AD2d 353, *lv denied* 86 NY2d 840), leaving unaffected the lineup identification, which had been properly noticed and which was a valid basis for the in-court identification (*People v Tatum*, 205 AD2d 397, *lv denied* 83 NY2d 1008).

We conclude, as we did with respect to a similar issue raised by the codefendant concerning another identification procedure in this case (*see, People v Jones*, 223 AD2d 375, *lv denied* 88 NY2d 849), that any error in permitting a detective to describe a witness's demeanor at a lineup was harmless in light of the overwhelming evidence of guilt.

We have considered defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin and Nardelli, JJ.