■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY C. WILLIAMS, Appellant. [653 NYS2d 610] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered April 11, 1995, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WILLIAMS, Appellant. [653 NYS2d 609] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered June 1, 1994, convicting him of murder in the second degree (two counts), robbery in the first degree (three counts), assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial, after a hearing (Egitto, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At a recess during the pretrial suppression hearing, the prosecutor spoke with a prosecution witness while the witness was still under oath and was being cross-examined. This conduct is not to be encouraged or approved, but it did not, under the facts of this case, deprive the defendant of a fair trial. The hearing court was advised of the prosecutor's questionable conduct, and determined that the prosecutor had merely advised the witness to rethink the answers he had previously given. The court also made a finding that the witness's post-recess testimony was incredible, as a result of which the court suppressed the lineup identifications of three eyewitnesses. Accordingly, the defendant was not unduly prejudiced.

The hearing court correctly found that since two of the prosecution witnesses were unable to make an identification of the defendant at a photographic identification procedure, the People were not required to provide notice of the procedure pursuant to CPL 710.30. Moreover, the prosecution's failure to provide notice pursuant to CPL 710.30 with regard to a photographic identification made by a third witness did not so prejudice the defendant as to require suppression of the in-court identification by that witness, because the People properly provided notice to the defendant of a line-up identification and a prior photographic identification made by that witness (see, People v Simmons, 221 AD2d 484; People v Mata, 220 AD2d 693).

Additionally, although the hearing court suppressed the lineup identifications of three eyewitnesses, the in-court identifications by those witnesses had a sufficient independent source, considering that the scene of the incident was well-lit and was not crowded, and all of the witnesses had a 5 to 10 minute opportunity to view the defendant and his accomplices (see, People v Paul, 222 AD2d 706).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.