■ The People of the State of New York, Respondent, v Henry Bolden, Appellant. [663 NYS2d 25] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered May 25, 1995, convicting defendant, after a jury trial, of three counts each of murder in the second degree (intentional murder), murder in the second degree (felony murder), and attempted mur-

der in the second degree, and sentencing him, as a second felony offender, to three consecutive terms of 25 years to life for the intentional murder convictions, three consecutive terms of 25 years to life for the felony murder convictions, to be served concurrently with the sentences imposed for the intentional murder convictions, and three consecutive terms of 12½ to 25 years for the attempted murder convictions, unanimously affirmed.

Defendant's claims regarding prior inconsistent statements and bolstering are without merit. In light of the fact that defense counsel had attempted to establish on cross-examination of one of the victims that the witness's identification of defendant was based solely on her observations of defendant during court proceedings, rather than on the witness's ability to observe defendant at the crime scene, the trial court properly permitted the prosecutor to elicit on redirect examination that the witness had testified at a prior court proceeding regarding specific facial features noted at the crime scene (*see, People v Jones*, 223 AD2d 375, 376, *lv denied* 88 NY2d 849). Since the content of a statement given by another victim to the police regarding a facial characteristic of one of the robbers was not revealed, the testimony in question did not constitute bolstering (*see, People v Swift*, 213 AD2d 355, *lv denied* 86 NY2d 784).

The trial court appropriately exercised its discretion in denying defendant's motion for a mistrial based on a claim of prejudice engendered by adverse publicity. There was no showing that any juror had read the newspaper article in question, the court's inquiry into the matter was adequate, and its curative instructions eliminated any likelihood of prejudice (*People v Velez*, 222 AD2d 539, *lv denied* 87 NY2d 978).

Defendant's remaining contention is unpreserved and without merit. Concur—Murphy, P. J., Rosenberger, Wallach, Nardelli and Mazzarelli, JJ.