■ The People of the State of New York, Respondent, v Willie Williams, Appellant. [709 NYS2d 72] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered April 17, 1996, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 9 to 18 years, and order, same court (Ronald Zweibel, J.), entered on or about April 21, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

Defendant's constitutional speedy trial motion based on delay occurring prior to the filing of an accusatory instrument was properly denied. The relevant factors, viewed in totality, sup-

port the conclusion that defendant's right to a speedy trial was not violated (*see, People v Taranovich*, 37 NY2d 442). We note that, with respect to each component, the facts of the instant case are comparable to those found not to warrant dismissal in the *Taranovich* case itself.

Defendant's suppression motion was properly denied. The police had probable cause to arrest defendant as a serial robber based on the totality of information in their possession, including a very specific description containing distinctive physical features, defendant's presence at the time of day and neighborhood where the string of store robberies had been occurring, defendant's possession of a distinctively marked and colored shopping bag known to be used by the robber to carry a weapon, defendant's unmistakable "casing" behavior that was distinguishable from "window-shopping" by virtue of defendant's repeated and unusual changes of direction, and defendant's effort to hide the bag when confronted by the police. Since the search of defendant's bag, revealing a knife, and his arrest were virtually simultaneous, there was a proper search incident to a lawful arrest regardless of which event occurred first (*People v Landy*, 59 NY2d 369, 377; *People v Evans*, 43 NY2d 160, 166).

Defendant's preclusion motion was properly denied (*see, People v Bell*, 214 AD2d 353, *lv denied* 86 NY2d 840; *People v Tatum*, 205 AD2d 397, *lv denied* 83 NY2d 1008; *see also, People v Kirkland*, 89 NY2d 903).

Defendant's claim that destruction of the 911 tape constituted a *Rosario* violation does not entitle him to relief either on his direct appeal or his appeal from the denial of his CPL 440.10 motion since this issue was unpreserved and abandoned during trial (*People v Graves*, 85 NY2d 1024). In any event, the submissions on the CPL 440.10 motion fail to overcome the trial evidence that clearly establishes that the 911 caller was not one of the persons who testified at trial. Moreover, there was no bad faith on the part of the People or prejudice to defendant in the destruction of the tape.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Nardelli, Ellerin, Andrias and Saxe, JJ.