■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GRAHAM, Appellant. [813 NYS2d 221]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 27, 1982 (*People v Graham*, 91 AD2d 690 [1982]), affirming a judgment of the Supreme Court, Kings County, rendered August 27, 1979.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Florio, Miller and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GRAJALES, Appellant. [816 NYS2d 101]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered May 27, 2004, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

"In reviewing suppression issues on appeal, great weight must be accorded to the determination of the hearing court, with its particular advantages of having seen and heard the witnesses. Its determination should not be disturbed unless it is clearly unsupported by the record" (*People v Hines*, 18 AD3d 882, 883 [2005]; *see People v Morrison*, 258 AD2d 599 [1999]). Here, the testimony supported the hearing court's finding that the police lawfully stopped the defendant, pending the showup identification by the complainant, based on a radio transmission from a police sergeant who had spoken to the complainant.

Under the circumstances of this case, the prosecution discharged its statutory obligation to provide notice of intent to offer identification testimony at trial (*see* CPL 710.30; *People v Simmons*, 221 AD2d 484, 485 [1995]; *People v Mata*, 220 AD2d 693 [1995]). The Supreme Court therefore correctly denied the defendant's motion to preclude identification testimony that was offered at trial (*see People v Simmons, supra*).

The defendant's remaining contentions are without merit. Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.