*1024 OPINION OF THE COURT
Frank J. LaBuda, J.
Defendant Primiano, through his attorney, submits an order to show cause (OSC) requesting the charge of driving while ability impaired, by combined influence of alcohol and a drug or drugs pursuant to section 1192 (4-a) of the Vehicle and Traffic Law, to be dismissed.
The People submit an affirmation in opposition to the OSC. The Attorney General was served as required but declined to submit at this stage of the litigation. Oral argument was held on June 28, 2007.
This is a first impression case in the State of New York regarding the enhanced DWI laws under Vehicle and Traffic Law § 1192. Defendant was originally arrested on March 15, 2007 by the police on a routine traffic stop. Defendant was charged, inter alia, under Vehicle and Traffic Law § 1192 (4), driving while ability impaired by drugs, as a class E felony in the Village of Montieello Justice Court. Defendant waived to County Court.[1]
Thereafter, in preparing for grand jury presentation, a blood specimen tested by the New York State Police at the Mid Hudson Regional Crime Laboratory in Newburgh, New York, showed a blood alcohol level of .04% and the presence of the drug Trazodone.
Mter the defendant waived to County Court and upon further review by the People, the violation of Vehicle and Traffic Law § 1192 (4) was replaced by newly enacted Vehicle and Traffic Law § 1192 (4-a), driving while ability impaired by a combination of alcohol and a drug.[2]
The new charge of Vehicle and Traffic Law § 1192 (4-a) is also charged as a class E felony.[3]
Vehicle and Traffic Law § 1192 (4) reads as follows: “Driving while ability impaired by drugs. No person shall operate a mo *1025 tor vehicle while the person’s ability to operate such a motor vehicle is impaired by the use of a drug as defined in this chapter.” (Emphasis added.)
Newly enacted Vehicle and Traffic Law § 1192 (4-a) reads as follows:
“Driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs. No person shall operate a motor vehicle while the person’s ability to operate such motor vehicle is impaired by the combined influence of drugs or of alcohol and any drug or drugs.” (Emphasis added.)
Vehicle and Traffic Law § 1192 (4) defines the word drug as “defined in this chapter.”
Vehicle and Traffic Law § 114-a states: “The term ‘drug’ when used in this chapter, means and includes any substance Usted in section 3306 of the Public Health Law.”
Newly enacted Vehicle and Traffic Law § 1192 (4-a) does not define the word drug or indicate that the word drug should follow the definition as prescribed in Vehicle and Traffic Law § 1192 (4).
The defendant argues that the word drug as used in newly enacted Vehicle and Traffic Law § 1192 (4-a) is defined as a Public Health Law § 3306 drug per Vehicle and Traffic Law § 114-a or, if not, the new statute is unconstitutionally vague as to the meaning of the word drug.
The defendant seeks dismissal of the Vehicle and Traffic Law § 1192 (4-a) charge either because (1) the drug Trazodone, found in the defendant’s system, is not a proscribed drug under Public Health Law § 3306, and thus, defendant’s conduct does not violate either Vehicle and Traffic Law § 1192 (4) or newly enacted section 1192 (4-a), or (2) the lack of a definition of the word drug in Vehicle and Traffic Law § 1194 (4-a) is so vague and ambiguous that the newly enacted statute is unconstitutional and charges brought under this statute must therefore be dismissed.
The People[4] argue that newly enacted Vehicle and Traffic Law § 1192 (4-a) uses the words “any drug or drugs” and must be taken literally.
The defendant responds that a literal use of the term “any drug or drugs” would risk violation of the new statute by driv *1026 ing a motor vehicle after consuming one drink and ingesting aspirin or vitamins not listed in Public Health Law § 3306.
The People argue, based upon public policy, that if alcohol and any drug, even aspirin or vitamins, are mixed the statute still requires impairment to be caused by the mixture.
Admittedly, there seems to be an ambiguity as to what “drug” must be mixed with alcohol in this new statute and the legislative history would be important to discern intent.
This court has reviewed the Bill Jacket pertinent to this new legislation under 2006 NY Senate-Assembly Bill S8232, All859. There is no discussion whatsoever in the Bill Jacket or in the numerous letters sent to the Governor urging passage regarding the definition of, or use of, the words “any drug or drugs.”
The Bill Jacket does speak to the legislative intent or justification of the statute based upon the escalating injuries and deaths cause by impaired and intoxicated drivers and the need to expand current laws in this regard.
The term “drug” as used throughout the Vehicle and Traffic Law pertains to any substance listed in Public Health Law § 3306. (Vehicle and Traffic Law § 114-a; also see, Peter Gerstenzang and Eric H. Sills, Handling the DWI case in New York [West 2007].)
Section 114-a, which defines the term “drug” in the Vehicle and Traffic Law, has been in existence since 1973 and has been unchanged since (see, McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 114-a, Historical and Statutory Notes, at 26), and the court cannot presume that the Legislature intended to broaden the definition of “drugs” under Vehicle and Traffic Law § 114-a.
In promulgating newly enacted Vehicle and Traffic Law § 1192 (4-a) the Legislature had the opportunity to amend the definition of the word “drug” under Vehicle and Traffic Law § 114-a or to redefine the term “drug” as applied to the new legislation. The Legislature chose not to address the issue.
This court holds that the term “any drug or drugs” as used in newly enacted Vehicle and Traffic Law § 1192 (4-a) means any substance listed in Public Health Law § 3306 as required under Vehicle and Traffic Law § 114-a. Thus, the Legislature is invited to address this statutory definition forthwith so that citizens may be aware of the requirements of the law and violators may be lawfully prosecuted to protect society against *1027 escalating injuries and deaths caused by drug and/or alcohol impaired drivers.
Based upon the above, it is ordered that the charges against the defendant under Vehicle and Traffic Law § 1192 (4-a) are herein and hereby dismissed as a matter of law.

. Defendant was originally charged with Vehicle and Traffic Law § 1192 (4) as a felony, pursuant to an allegation of a prior conviction of Vehicle and Traffic Law § 1192 (1), (2), (3) or (4) within the preceding 10 years per Vehicle and Traffic Law § 1193 (1) (c), and waived a preliminary hearing in the local criminal court since the defense claims an issue of law not fact.

. Vehicle and Traffic Law § 1192 (4-a) is a newly enacted law, having been passed, as part of a vast DWI reform in the 2006 legislative session in Laws of 2006 (ch 732, § 2), on September 13, 2006, signed by the Governor, and became effective on November 1, 2006.

. Vehicle and Traffic Law § 1193 (1) (c) was amended by chapter 732 (§ 5) to include the new section 1192 (4-a).

. The Attorney General, put on notice of the constitutional challenge herein, elects to have the Sullivan County District Attorney represent his interest.