OPINION OF THE COURT
Matthew A. Sciarrino, Jr., J.
An accusatory instrument was filed with the court on August 1, 2007 charging the defendant with driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a]) and reckless driving (Vehicle and Traffic Law § 1212). In a motion dated December 10, 2007, the defendant moves for an order dismissing the accusatory instrument contending that it is jurisdictionally defective. The People oppose defendant’s motion in a response filed on January 11, 2008.
Facts
The accusatory instrument contains sworn allegations of a police officer that he observed the defendant operate a motor vehicle on July 21, 2007 with .036 of 1% by weight of alcohol in his blood.[1] The informant also alleges that the defendant admitted to consuming one beer and drugs (Paxil [paroxetine] and *974 Depakote [divalproex sodium]), and that he observed that the defendant had watery and bloodshot eyes, slurred speech, an odor of an alcoholic beverage on his breath, and was unsteady on his feet.
Discussion
When a defendant is charged in a misdemeanor complaint, unless he pleads guilty or waives prosecution by information, the misdemeanor complaint must be replaced prior to trial with an information which meets the requirement for facial sufficiency (CPL 170.65, 100.40 [1] [c]; 100.15 [3]; 170.35; People v Alejandro, 70 NY2d 133 [1987]). The information must, for jurisdictional purposes, contain nonhearsay factual allegations sufficient to establish a prima facie case (People v Alejandro, 70 NY2d 133 [1987], supra). Furthermore, both informations and misdemeanor complaints must allege or be based on “reasonable cause to believe” that defendant committed the offense (People v Dumas, 68 NY2d 729 [1986]).
“ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it . . . .” (CPL 70.10 [2].)
Although the defendant is charged with Vehicle and Traffic Law § 1192 (4-a), rather than Vehicle and Traffic Law § 1192 (4), it is worth noting that Vehicle and Traffic Law § 1192 (4) (driving while ability impaired by drugs) provides: “No person shall operate a motor vehicle while the person’s ability to operate such a motor vehicle is impaired by the use of a drug as defined in this chapter.”
Vehicle and Traffic Law § 114-a provides: “The term ‘drug’ when used in this chapter, means and includes any substance listed in section thirty-three hundred six of the public health law.”
While Vehicle and Traffic Law § 114-a was enacted more than three decades ago and remains unamended, Vehicle and Traffic Law § 1192 (4-a) (driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs) was enacted in 2006, and provides: “No person shall operate a mo *975 tor vehicle while the person’s ability to operate such motor vehicle is impaired by the combined influence of drugs or of alcohol and any drug or drugs.” (Emphasis added.)
Unlike Vehicle and Traffic Law § 1192 (4), Vehicle and Traffic Law § 1192 (4-a) does not contain the limitation of “drug as defined in this chapter.” The accusatory instrument provides this defendant with sufficient notice that the People accuse him of operating a motor vehicle while impaired by the combined influence of alcohol and any drug or drugs. The People do not dispute the defendant’s contention that neither Paxil (paroxetine) nor Depakote (divalproex sodium) are listed in Public Health Law § 3306. Nevertheless, contrary to the defendant’s assertions, the People are correct in reasoning that the offense with which the defendant is charged, Vehicle and Traffic Law § 1192 (4-a), contemplates chemicals beyond those listed in Public Health Law § 3306. The newly enacted statute recognizes the dangerous scenario of a driver operating a motor vehicle after combining a relatively small amount of alcohol and any drug or drugs.[2] The phrase “alcohol and any drug or drugs” distinguishes subdivision (4-a) from subdivision (4). While Vehicle and Traffic Law § 1192 (4) contemplates only drugs listed in Public Health Law § 3306, Vehicle and Traffic Law § 1192 (4-a) proscribes “any drug or drugs.”
As to the reckless driving count, the deponent in the accusatory instrument states that “based on his review of surveillance video taken from a patrol vehicle,” the defendant drove through a steady red light and stopped his motor vehicle in the middle of an intersection against oncoming traffic. However it is unclear whether the deponent actually saw the defendant drive through a steady red light and stop his motor vehicle in the middle of an intersection against oncoming traffic. It cannot be determined from a reading of the accusatory instrument whether the defendant was videotaped by the deponent’s patrol vehicle and the deponent reviewed the tape to refresh his recollection concerning the manner in which the defendant drove, or if the deponent’s observations of the defendant’s reckless driving was solely based on a videotape provided by someone else and not observed by the deponent as it transpired. Therefore, this court regards the deponent’s observations of a video as hearsay, unsupported by sworn allegations of fact. Consequently, the accusatory instrument contains insufficient sworn allega *976 tions of fact that the defendant unreasonably interfered with the free and proper use of the roadway (see Vehicle and Traffic Law § 1212) as alleged in the accusatory instrument.
Conclusion
The accusatory instrument filed by the People contains sufficient nonhearsay factual allegations that the defendant operated a motor vehicle while impaired by the combined influence of alcohol and any drug or drugs. The accusatory instrument filed by the People does not contain sufficient nonhearsay factual allegations that the defendant unreasonably interfered with the free and proper use of the roadway (see Vehicle and Traffic Law § 1212) as alleged in the accusatory instrument.
Accordingly, it is hereby ordered that the defendant’s motion to dismiss the count charging a violation of Vehicle and Traffic Law § 1192 (4-a) is denied; and it is further ordered that the defendant’s motion to dismiss the count charging reckless driving (Vehicle and Traffic Law § 1212) is granted, with leave to the People to file an information, unless proscribed by CPL 30.30 (1).
[Next page is 1101]

. The informant swore that he “observed the defendant. . . seated in the front driver’s side seat behind the steering wheel with the engine running, and the motor vehicle was moving on a public roadway.”

. This court chooses not to follow the trial court’s decision in People v Primiano (16 Misc 3d 1023 [Sullivan County Ct 2007]).