THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE CHISOLM, Appellant. [868 NYS2d 643]—

The court providently exercised its discretion in denying defendant's motion to present expert testimony on eyewitness identification. This case involves two closely related incidents; only the incident that led to the grand larceny conviction involved an identification issue. There was significant corrobo-

rating evidence (*see e.g. People v Allen*, 53 AD3d 582, 584 [2008]) of defendant's guilt of the larceny, namely, both a surveillance videotape and defendant's admission that placed him in very close spatial and temporal proximity to the crime, and the fact that defendant's clothing and physical features, as clearly shown on the videotape, closely matched the detailed description provided by the larceny victim's husband shortly after the incident. We have considered and rejected defendant's arguments as to alleged discrepancies in the description. Furthermore, aside from corroborating evidence, the facts of this case are also distinguishable from those of *People v LeGrand* (8 NY3d 449 [2007]) in terms of the circumstances of the eyewitness identification itself (*see People v Austin*, 46 AD3d 195, 200 [2007]), because, unlike the identification in *LeGrand*, which occurred some seven years after the crime, here the victim's husband saw the perpetrator in daylight with his wife's wallet moments after it was taken, had an opportunity to observe his features during a two-block chase, and gave a detailed description of him shortly after the incident. Further, within a few weeks of the crime, the victim's husband identified defendant from the videotape as well as in a lineup. Defendant failed to preserve his argument that the hearing court's ruling deprived him of his constitutional right to present a defense, and we decline to review it in the interest of justice (*see People v Lane*, 7 NY3d 888, 889 [2006]). As an alternative holding, we also reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

To the extent the claim of ineffective assistance of counsel can be resolved on the present record, defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). He was not prejudiced by defense counsel's failure to move to preclude the videotape identification of defendant in the grand larceny case on the ground of lack of CPL 710.30 (1) (b) notice, since the properly noticed lineup identification, the in-court identification and the corroborating videotape itself would have been admissible in any event (*see e.g. People v Alvarado*, 235 AD2d 237 [1997], *lv denied* 89 NY2d 1031 [1997]).

The court properly granted the People's motion to consolidate the indictments. The court properly granted consolidation pursuant to CPL 200.20 (2) (b), since evidence relating to the stolen property case, namely the surveillance video and defendant's admission, was admissible as material evidence in the larceny case (*see e.g. People v Johnson*, 46 AD3d 415, 416 [2007]). The

court also correctly determined that each crime constituted proof of the other because both involved the taking of wallets under very similar, distinctive circumstances at about the same time and place (*see People v Screahben*, 35 AD3d 246 [2006], *lv denied* 8 NY3d 884 [2007]). The indictments were also properly consolidated pursuant to CPL 200.20 (2) (c) as legally similar, and defendant failed to make a sufficient showing to warrant a discretionary severance (*see* CPL 200.20 [3]; *People v Lane*, 56 NY2d 1, 8 [1982]; *People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]). Concur—Tom, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.