THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. MATT, Appellant. [911 NYS2d 543]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 30, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (three counts), robbery in the first degree (two counts) and kidnapping in the first degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, three counts of murder in the second degree (Penal Law § 125.25 [1], [3]), defendant contends that he was denied due process because he was required to wear a stun belt during trial. Defendant's contention involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v*

*Schrock*, 73 AD3d 1429, 1431 [2010]). Defendant further contends that County Court erred in refusing to grant a mistrial after learning that jurors were aware of inflammatory newspaper headlines concerning the trial. We reject that contention. The court determined following an inquiry of the jurors that their minimal exposure to news accounts did not warrant a mistrial, and we conclude that the court thus did not abuse its discretion in denying defendant's motion (*see People v Fernandez*, 269 AD2d 167 [2000], *lv denied* 95 NY2d 796 [2000]). We further note that the court's curative instructions "eliminated any likelihood of prejudice" (*People v Bolden*, 243 AD2d 268, 269 [1997]). Finally, defendant failed to preserve for our review his contention that the testimony of the accomplice was not sufficiently corroborated and thus that the conviction is not supported by legally sufficient evidence (*see People v Carrasquillo*, 71 AD3d 1591 [2010], *lv denied* 15 NY3d 803 [2010]). In any event, the record establishes that the People presented sufficient evidence connecting defendant to the crimes, thereby satisfying the corroboration requirement (*see* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 191-192 [2010]). Present— Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.