OPINION OF THE COURT
Joan S. Kohout, J.
The respondent Tyshawn M. has moved to dismiss a juvenile delinquency petition filed by the presentment agency on May 24, 2011. The petition alleges that the respondent and others committed acts which, if committed by an adult, would constitute the crimes of attempted gang assault in the second degree (Penal Law §§ 110.00, 120.06), attempted assault in the third degree (Penal Law §§ 110.00, 120.00), endangering the welfare of a child (Penal Law § 260.10 [1]), attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]) and reckless endangerment in the second degree (Penal Law § 120.20).
The respondent requests dismissal of the petition on the grounds it does not contain factual allegations sufficient to provide reasonable cause to believe that the respondent committed the crimes charged and that the petitioner fails to allege nonhearsay facts to support all elements of the crimes and that the respondent committed the crimes (see Family Ct Act § 311.2 [2], [3]). The presentment agency filed a memorandum in opposition to the motion.
This decision and order expands the oral decision rendered on June 22, 2011, which granted the motion to dismiss.
Background
The respondent and nine other youths are charged in separate petitions with assaulting a single victim on the morning of May 24, 2011 in the City of Rochester. The deposition attached to the petition from the 14-year-old complainant states that she was riding a bus with “a bunch of students from Charlotte High School” and that when the bus stopped “[w]e all got off.” The complainant specifically identifies eight youths who punched and kicked her during the ensuing fight, but does not name the respondent as one of the perpetrators. No other deposition from an eyewitness to the incident is attached to the petition.
The only mention of the respondent is found in the supporting depositions of Jason Johnson, a school administrator at Charlotte High School, and Rochester Police Officer Carlos Alvarado, a School Resource Officer at Charlotte High School.
*691 Mr. Johnson’s deposition states that Mr. Hymes gave him a
“students [sic] phone with a video of the fight. Mr. Hymes is a teacher at Charlotte High School. The name of the student that gave Mr. Hymes the phone did not wish to be involved and refused their name. I watched the video and downloaded it on to CD for Officer Alvarado. I identified 2 more kids who also kicked the victim. Their names are . . . and Tyshawn M.”
Officer Alvarado’s deposition states, “2 more suspects were identified through a cell phone video. (See Mr. Johnson deposition for details.) The 2 additional respondents are . . . and Tyshawn M.....Both were taken into custody inside the school. These two respondents were observed on video kicking and punching the victim.”
Discussion
In this juvenile delinquency proceeding, the failure of the presentment agency to allege nonhearsay facts in the petition and supporting depositions sufficient to support all elements of the charged crimes and respondent’s commission of the crimes constitutes a nonwaivable jurisdictional defect requiring dismissal (see Matter of Markim Q., 7 NY3d 405 [2006]; Matter of Michael M., 3 NY3d 441, 443 [2004]). In contrast, a defect in a criminal pleading is not jurisdictional and a defendant waives the defect unless it is properly preserved before the trial court (see People v Casey, 95 NY2d 354 [2000]; see also People v Keizer, 100 NY2d 114 [2003]).
A juvenile delinquency petition must clearly inform the respondent of the objectionable conduct allegedly committed by the respondent and must contain “facts supporting every element of the crime charged and the respondent’s commission thereof.” (Family Ct Act § 311.1 [3] [h].) Additionally, the petition must contain nonhearsay allegations in the factual part of the petition or of any supporting deposition, which if true establish “every element of each crime charged and the respondent’s commission thereof.” (Family Ct Act § 311.2 [3].)
The stringent statutory sufficiency requirements contained in the Family Court Act are “designed to ensure substantive due process protection” to the respondent (Matter of Neftali D., 85 NY2d 631, 634 [1995]). Moreover, no amendment of the petition is permitted to cure insufficiencies in the factual allegations (see Family Ct Act § 311.5 [2] [a], [b]; see also Matter of Michael M., *692 3 NY3d 441, 449 [2004]). Strict compliance with these requirements is especially important at the pleading stage since a juvenile delinquency proceeding is commenced solely by a petition filed by the presentment agency (see Family Ct Act § 310.1) without review by an independent body such as a grand jury (see Matter of Edward B., 80 NY2d 458, 464 [1992]).
In this case, the petition and supporting depositions fail to allege nonhearsay facts identifying the respondent as a participant in the crime. The complainant’s deposition does not mention the respondent at all. The only allegations connecting the respondent to the offenses come from Mr. Johnson’s deposition, which states that he was given a phone by a teacher who received the phone from an unknown person who refused to give the teacher his or her name and that Mr. Johnson recognized the respondent on the phone video. Mr. Johnson goes on to describe what he observed the respondent doing in the video.
Not only is Mr. Johnson’s statement regarding what Mr. Hymes told him and what Mr. Hymes was told by the unidentified person hearsay since these are out of court statements offered for the truth they contain (see Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]), Mr. Johnson’s identification of the respondent was based upon a viewing of a nonauthenticated video obtained from an unknown source. While “a non-hearsay requirement is met so long as the allegation would be admissible under some hearsay rule exception” (People v Casey, 95 NY2d at 361), no exception to the hearsay rule applies here.
There is no nonhearsay allegation that the incident depicted on the phone was in fact the incident alleged in the petition. The only source for the allegation that the video depicted the fight in question was the statement from the unknown informant, which was relayed by Mr. Hymes to Mr. Johnson.
Nor is there a deposition from the complainant or any other person who was an eyewitness to the event stating that the video was viewed and that it fairly and accurately depicted the incident.[1] Mr. Johnson was not an eyewitness and, therefore, would not have been able to verify that the images he viewed *693 were actually of the fight on May 24, 2011. Officer Alvarado’s deposition relies on Mr. Johnson’s deposition and is, therefore, based on the hearsay statements in Johnson’s deposition and Johnson’s viewing of the unauthenticated video.
The court finds unpersuasive the criminal court decisions cited by the presentment agency in opposition to the respondent’s motion, all of which relate to the propriety of identifications made by eyewitnesses using photographs, videotapes or audio recordings either in the context of a pretrial hearing or trial testimony (see e.g. People v Gee, 286 AD2d 62 [4th Dept 2001], affd 99 NY2d 158 [2002] [identification made after viewing store security pictures by eyewitness not subject to suppression]; People v Wemette, 285 AD2d 729 [3d Dept 2001] [proper foundation provided at trial for admission of video taken by complainant]; People v Chisolm, 57 AD3d 223 [1st Dept 2008] [court refused to permit expert identification testimony when victim’s husband identified the defendant from a videotape and a lineup]; People v Carr, 59 AD3d 945 [4th Dept 2009] [trial proof sufficient where store surveillance video admitted at trial]; People v Jackson, 71 AD3d 1457 [4th Dept 2010], lv denied 14 NY3d 888 [2010] [identification made by college security after viewing a video and photographs provided by college were not subject to suppression]). None of the cited cases apply to the pleading stage of a case and all focus on trial or suppression issues.
The presentment agency also cites three lower criminal court decisions in support of its argument that the petition is sufficient. These decisions also are distinguishable on their facts and not applicable to this juvenile delinquency proceeding where the pleading requirements are stringent and nonwaivable.
In People v Henderson (27 Misc 3d 1232[A], 2010 NY Slip Op 51008DJ] [Nassau Dist Ct 2010]), cited by the presentment agency, the criminal court found the accusatory instrument sufficient where an officer described the contents of a surveillance video which, unlike the case here, was properly authenticated in a form that would have been admissible at trial. In People v Patten (32 Misc 3d 440 [Long Beach City Ct 2011]), the criminal information was found to be sufficient where the deponent officers personally viewed the fight at issue and as described a video of the incident. People v Lambert (2002 NY Slip Op 50278[U] [Crim Ct, Queens County 2002]), an unreported opinion of no precedential value, was a case where the court *694 found a criminal information alleging dog fighting sufficient based upon a deposition describing a videotape.[2]
For all of these reasons, the court finds that the petition and the attached factual depositions fail to comply with the stringent nonwaivable requirements of Family Ct Act § 311.2 and the petition must, therefore, be dismissed as jurisdictionally defective. As a result, the court need not address the respondent’s remaining arguments.

. In People v Allison (21 Misc 3d 1108[A], 2008 NY Slip Op 52008[U] [Nassau Dist Ct 2008]) the court dismissed a criminal information that was based on a deposition from a noneyewitness store employee, who observed the defendant on a store video, noting that the defect may have been cured if an affidavit had been attached providing a proper foundation authenticating the video.

. Other lower court decisions have dismissed criminal informations based solely on hearsay descriptions by a deponent of observations of a video (see People v Allison, 21 Misc 3d 1108[A], 2008 NY Slip Op 52008[U] [2008] [the criminal information was based upon hearsay deposition of a store employee who had watched a store video, but had no personal knowledge of incident]; People v Schell, 18 Misc 3d 972 [Crim Ct, Richmond County 2008] [the accusatory instrument was based on deponent’s description of a traffic stop depicted on a video]).