People v Jackson (2019 NY Slip Op 00203)





People v Jackson


2019 NY Slip Op 00203


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8056 249/15

[*1]The People of the State of New York, Respondent,
v
Deryck Jackson, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), and Milbank, Tweed, Hadley & McCloy LLP, New York (Alexandra J. Paslawsky of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at hearing; Michael R. Sonberg, J. at jury trial and sentencing), rendered January 28, 2016, convicting defendant of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, unanimously affirmed.
The hearing court properly denied defendant's suppression motion. The police had probable cause to arrest defendant where his appearance and that of his companion matched the two robbers depicted in a surveillance video of a robbery in a building elevator 11 days earlier, even though the men's faces were not discernable on the video. When the police encountered the two men, defendant's companion was wearing a jacket with a highly distinctive design or insignia on the back. Defendant was wearing a red-brimmed variation on the standard Pittsburgh Pirates cap, a mask-like garment over part of his face, a black bubble vest, and gray and black batting gloves. This was the exact combination of clothing items worn by the robbers on the videotape. Furthermore, the police saw the men about two blocks from where the robbery occurred, at approximately the same time of day as the crime (see People v Williams , 273 AD2d 79, 80 [1st Dept 2000], lv denied 95 NY2d 940 [2000]). Defendant was not arrested merely because he was in the company of another man who met a more specific description, but because the totality of circumstances created a very high probability that the police had encountered the same two men shown in the video (see generally People v Bigelow , 66 NY2d 417, 423 [1985]).
The court's Sandoval ruling, which precluded the People from identifying or eliciting any information about defendant's unspecified felony and misdemeanor convictions balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes , 97 NY2d 203 [2002]).
The court providently exercised its discretion in precluding evidence that the victim failed to identify defendant in a lineup. This evidence was irrelevant in the context of the case (see generally People v Wilder , 93 NY2d 352 [1999]) because neither the victim, nor anyone else, identified defendant at trial, and the People's case was based entirely on other types of evidence. Under the circumstances, the victim's inability to identify defendant at the lineup did not tend to exclude or exculpate defendant. To the extent that defendant is raising a constitutional claim in [*2]this regard, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK