■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DON VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 9, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NESTOR VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered June 2, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

The cumulative prejudicial effect of several errors deprived the defendant of a fair trial. On two occasions, the complaining witness testified that he went to the police precinct to see photographs. On each occasion, defense counsel moved for a mistrial, but instead the trial court gave a curative instruction. Nevertheless, once the jury had become aware that there had been a photographic identification, the inference that the defendant had prior criminal involvement was obvious, and the inference was accentuated since the defendant failed to take the stand *(see, People v Caserta,* 19 NY2d 18, 21).

It was also improper for the arresting officer to testify, over objection, that he arrested the defendant after conferring with the complaining witness and determining that the witness was certain of his identification. This testimony amounted to implicit bolstering and was error *(see, People v Johnson,* 57 NY2d 969; *see also, People v Holt,* 67 NY2d 819). Where, as here, a

conviction is based solely upon identification testimony by a single witness who made a brief observation of his assailant, any error which is apt to enhance the weight of such testimony may not be disregarded as being merely technical in nature (see, People v Trowbridge, 305 NY 471, 477). Moreover, the case involved only the issue of identification, yet the jury indicated it was unable to reach a unanimous verdict after six hours of deliberation. Thus, the bolstering error cannot, on these facts, be considered harmless (see, People v Johnson, supra, p 970; People v Mobley, 56 NY2d 584, 585).

Additionally, the prosecutor's departure from the four corners of the evidence (see, People v Ashwal, 39 NY2d 105, 109), vouching for the complaining witness' credibility (People v Arce, 42 NY2d 179, 190), and other improprieties during summation, while standing alone might not have warranted reversal, when taken cumulatively with all the trial errors, had the effect of depriving the defendant of a fair trial (see, People v Cobb, 104 AD2d 656). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.