■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO EYRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered January 15, 1985, convicting him of attempted burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification evidence.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is ordered.

During the early morning hours of May 23, 1984, John Wheeler, who was standing on an elevated subway platform, observed the defendant attempting to break into commercial premises through the roof, while another man at street level served as a "look-out". Wheeler immediately went to a pay phone and called 911 to report a burglary in progress. He then walked over to the location where he had seen the attempted burglary occur and found that the responding

officers had already detained the defendant and another man spread-eagled against the wall of the building. Wheeler identified the defendant as the man he had seen trying to break in through the roof and the defendant and the other man were then arrested. The defendant moved prior to his trial to suppress evidence of the out-of-court identification as well as any in-court identification by Wheeler. After a hearing the court found that the showup identification was the fruit of the defendant's illegal arrest and accordingly had to be suppressed. The hearing court nevertheless found that Wheeler had an independent source upon which to base his identification of the defendant and that an in-court identification at trial should thus be allowed. Despite the suppression court's ruling, the trial court, over repeated objections, permitted Wheeler and the arresting officer to testify that the defendant was arrested following the police officer's on-the-scene conversation with Wheeler. The prosecutor was even permitted, over defense counsel's objections, to note this fact in both his opening and summation.

The defendant now argues that no in-court identification should have been permitted, and that he was denied a fair trial by virtue of the repeated references made at trial to the suppressed out-of-court identification. While we agree with the hearing court that Wheeler had an independent source upon which to base his identification of the defendant and find that he was thus properly permitted to identify the defendant at trial, we are nevertheless compelled to conclude that the defendant was indeed denied a fair trial by virtue of the repeated references in both the testimony and the prosecutor's summation to the suppressed out-of-court identification. Not only did certain of these references constitute improper inferential bolstering, but the admission of this evidence was in direct derogation of the hearing court's ruling, the propriety of which we note has not been challenged. The admission of this evidence of the showup identification by Wheeler at the defendant's trial was clearly error, and because the only evidence against the defendant consisted of the in-court identification testimony by Wheeler, this testimony cannot be deemed harmless and a new trial is thus required *(see, People v Dodt,* 61 NY2d 408, 417; *People v White,* 117 AD2d 127, 133, *lv denied* 68 NY2d 818). Mangano, J. P., Lawrence and Rubin, concur.

Weinstein, J., dissents and votes to affirm the judgment appealed from with the following memorandum: In view of the propriety of the trial court's finding that the eyewitness had

an independent basis for his identification of the defendant such that he was properly permitted to make an in-court identification of the defendant, I cannot adhere to the majority's conclusion that the defendant was deprived of a fair trial by virtue of the prosecutor's references to the fact that the arrest occurred after the police officer's on-the-scene conversation with the eyewitness. Significantly, although the jury was apprised of the fact that the eyewitness engaged in a conversation with the police prior to the defendant's arrest, no testimony was elicited regarding the substance of that conversation. Accordingly, the defendant's argument that the prosecutor effectively circumvented the hearing court's suppression of the out-of-court identification is without basis in fact. The mere admission of the fact that a conversation between the eyewitness and the police preceded the defendant's arrest does not furnish a basis for reversal given the uncontroverted finding of the hearing court that there was an independent source for the eyewitness's in-court identification. Under similar circumstances, this court has ruled that even if the circumstances surrounding an impermissibly suggestive police showup had been elicited at trial, the admission of such testimony would not furnish a basis for reversal in light of the finding that the eyewitness's in-court identification was supported by an independent source (People v Smalls, 112 AD2d 173, 174-175; People v Smallwood, 99 AD2d 819, 820).

Nor do I regard as reversible error the prosecutor's references in the course of his summation to the fact that the eyewitness had had a conversation with the police. Clearly, anything said in summation does not constitute evidence-in-chief. In the course of his charge, the trial court issued the standard caveat to the jurors that it was their recollection of the testimony rather than anything which counsel said which was the controlling factor upon which their determination must rest. In my view, this instruction served to alleviate any prejudice which might otherwise have ensued.

My decision herein in no way contravenes those prior holdings in which bolstering errors were not deemed to be harmless (see, People v Vasquez, 120 AD2d 757, 758; People v White, 117 AD2d 127, 133). In White, the in-court testimony of the victim and a police officer, which constituted the primary evidence against the defendant, was bolstered by their testimony regarding the tainted showup identifications. The court's finding that the admission of the latter testimony was error followed upon its ruling that the arrest of the defendant was unlawful and that the showups which immediately fol-

lowed were the fruit of the poisonous tree. In the instant case, the nature of the testimony objected to did not, in my view, constitute improper bolstering nor was there an unlawful arrest. In *Vasquez,* the specific ruling was that where a conviction is based solely upon identification testimony by a single witness who made a brief observation of his assailant, any error which is apt to enhance the weight of such testimony may not be disregarded as being merely technical in nature. In the instant case, the eyewitness's ample opportunity to view the defendant from the vantage point of an elevated subway platform under well-lighted conditions was far superior to the single witness's "brief observation of his assailant" as described in *People v Vasquez (supra,* at 758). Given the strength of the eyewitness's identification in the instant case coupled with the finding that his in-court identification was supported by an independent source, I cannot reasonably conclude that any error which might have been committed by the prosecutor was apt to enhance the weight of the identification testimony. Accordingly, I vote to affirm the judgment appealed from.