OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
*858 A Brooklyn grocery store was robbed on July 8, 1988 while the owner and his clerk, Nasser Saleh, were working. At that time, both witnesses provided police with a description of the perpetrator. Four days after the robbery, the store’s owner observed defendant on the street and summoned a nearby police officer. Saleh, from inside the store, observed the police chasing defendant down the block just prior to his arrest. The next day, the police showed Saleh a photograph of defendant taken shortly after his arrest, and Saleh identified him as the robber.
The People failed to provide timely notice of the photographic identification (CPL 710.30). As a result, the trial court suppressed Saleh’s in-court identification testimony but permitted him to say that the person he observed being chased down the block on July 12 participated in the July 8 robbery. We agree with defendant that this was reversible error as, without the improper identification testimony, the case was based entirely on the testimony of the store owner (see, People v Green, 78 NY2d 1029). Moreover, on a second related robbery charge, as to which only the owner testified, the jury acquitted defendant.
While the witness was properly allowed to testify concerning his description of the robber given to the police prior to the potentially tainted identification procedure, there is no evidence in this record that the witness ever communicated to the police — prior to that identification — his perception that the person he saw being arrested on July 12 was the same person he saw commit the robbery on July 8 (see, People v Myrick, 66 NY2d 903; People v Sanders, 66 NY2d 906). Thus, there is nothing in the record to demonstrate that the perception testimony was untainted by the improper photo identification procedure.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.