OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was charged in an indictment with robbery in the first and second degrees based on allegations that he, acting in concert with another, forcibly stole property from Shar’s Petland Store in Ontario, New York. Pursuant to CPL 710.30 (1) (b), the People gave notice to the defendant that they intended to offer evidence of a previous lineup identification of the defendant by the complainant. Following a
 
 Wade
 
 hearing, County Court determined that the complainant would be permitted to identify the defendant at the time of trial as the one who committed the robbery and would also be permitted to give testimony regarding the identification of defendant in a lineup
 
 (see,
 
 CPL 60.30). The court determined that there was nothing impermissibly suggestive about the lineup procedure.
 

 Prior to trial the prosecutor was preparing the victim for her trial testimony and permitted her to view a photograph of the lineup where she had previously identified defendant and asked her if she remembered the lineup. The victim indicated that she did and preparations continued. The victim again viewed the photograph the morning of her trial testimony. During the trial, it was learned that the complainant was
 
 *879
 
 shown a photo of the lineup the night before her trial testimony. The court then allowed defendant to have a hearing outside the presence of the jury at which complainant was questioned relative to the manner in which the photo was shown to her and whether there was any suggestibility. Following the hearing, the court denied defendant’s oral motion to suppress identification testimony based on a failure to give notice pursuant to CPL 710.30. Subsequently, after a jury trial, defendant was convicted of robbery in the first degree and robbery in the second degree.
 

 The Appellate Division affirmed, determining that showing the earlier lineup photograph to the complainant before her trial testimony was preparatory, requiring no notice under CPL 710.30.
 

 We agree with the trial court and the Appellate Division that no notice was required because there was no identification procedure under CPL 710.30. The prosecutor’s showing the victim a photograph of the lineup was clearly preparation for trial.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.