■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MILLIGAN, Appellant. [767 NYS2d 38] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered September 12, 2000, convicting him of robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant's conviction stemmed from his alleged robbery of a Queens grocery store, and rested exclusively upon the identification testimony of him by the two complainants. Although the evidence adduced by the prosecution was legally sufficient to establish his guilt beyond a reasonable doubt (*see People v Contes,* 60 NY2d 620 [1983]), we reverse the judgment because of several prejudicial errors that deprived the defendant of his right to a fair trial.

At the pretrial suppression hearing, the hearing court (Blumenfeld, J.), determined that the two complainants jointly viewed a photographic array from which they simultaneously selected the defendant. Thereafter, the hearing court suppressed their lineup identifications of the defendant because the procedure was unduly suggestive based upon physical dissimilarities between the defendant and the lineup fillers. However, the complainants were permitted to offer in-court identifications of the defendant upon the hearing court's determination that independent bases existed for the identifications as a result of their crime scene viewings of the robber (*see People v Brown,* 295 AD2d 442, 443-444 [2002]; *People v Radcliffe,* 273 AD2d 483, 484 [2000]).

Despite the hearing court's suppression ruling, however, the prosecutor was permitted to elicit at the trial, over defense objection, that after Detective French escorted the defendant to the precinct, he asked the two complainants to come to the precinct and after speaking with them, the detective continued with the arrest of the defendant. This testimony impermissibly

permitted the jury to infer that the complainants identified the defendant at the precinct (*see People v Howard,* 87 NY2d 940 [1996]; *People v Trowbridge,* 305 NY 471 [1953]; *People v Eyre,* 138 AD2d 397 [1988]), in violation of the hearing court's suppression ruling (*see People v Calabria,* 94 NY2d 519 [2000]). Moreover, this testimony was elicited after Detective French recounted his dealings with another suspect, who did not testify at the trial and who was thus not subject to cross-examination. The detective was improperly permitted to testify that after speaking with that suspect, the detective focused on the defendant and prepared a "wanted" card. This also constituted impermissible bolstering (*see People v Jones,* 305 AD2d 698 [2003]; *People v Martinez,* 269 AD2d 608 [2000]; *People v Latta,* 295 AD2d 449 [2002]).

Among the items stolen during the robbery was a telephonic pager owned by one of the complainants. As recounted at the trial by Detective Curcio, she telephoned the pager and a woman reportedly named "Althea" returned the call. Detective Curcio asked "Althea" to relay a message to "Maurice" (the defendant's first name) and "Althea" reportedly agreed to do so. The defendant objected to this testimony.

Detective Curcio's testimony permitted the jury to infer that "Althea" was being truthful about knowing someone named "Maurice," that the "Maurice" to whom she was referring was the defendant, and that the defendant thus gave "Althea" the pager, because the defendant committed the robbery. The prosecutor tied all these loose ends together in his summation. However, Detective Curcio's testimony required the jury to make too many tenuous inferences and deprived the defendant of any ability to test the truthfulness or accuracy of "Althea's" statements.

Finally, certain statements made by the prosecutor during summation constituted improper vouching for prosecution witnesses (*see People v Smith,* 288 AD2d 496 [2001]; *People v Robinson,* 260 AD2d 508 [1999]). Under the circumstances, and in light of the absence of overwhelming evidence of guilt (*see People v Calabria, supra; cf. People v Morales,* 227 AD2d 648, 651 [1996]), we conclude that the defendant is entitled to a new trial. Santucci, J.P., S. Miller, Goldstein and Cozier, JJ., concur.