[864 NE2d 596, 832 NYS2d 466]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GRAJALES, Appellant.

Argued January 9, 2007; decided February 20, 2007

### APPEARANCES OF COUNSEL

*Lisa Napoli*, New York City, and *Lynn W.L. Fahey* for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Keith Dolan* and *Leonard Joblove* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

On February 4, 2003, two men, one of whom displayed a handgun, accosted the victim inside a Brooklyn coffee shop, yanked a gold chain off his neck, rifled his pockets for money and fled with their loot. Later that day at the precinct station house, the police showed the victim two photographic arrays, one of which was a six-photograph array containing a picture

taken of defendant after an arrest the previous month. The victim identified defendant as the robber with the gun. One week later, on February 11, 2003, the victim saw defendant on the street and called the police. When the police arrived, the victim pointed out defendant as one of the men who had robbed him. Defendant was immediately arrested, and charged with robbery in the first and second degrees and two weapons possession counts.

After defendant's arraignment on the indictment on March 26, 2003, the People served timely notice under CPL 710.30 (1) (b) of the February 11, 2003 on-the-street point-out. The notice did not mention the February 4, 2003 photographic identification. Defense counsel subsequently learned about it, however, sometime during pretrial discovery. On October 16, 2003, defendant moved to preclude the victim's in- and out-of-court identifications of him on the ground that the People did not provide adequate and timely CPL 710.30 (1) (b) notice because of the omission of the photographic identification. Supreme Court denied the motion.

Following a jury trial, defendant was convicted on March 2, 2004 of robbery in the first degree; he was sentenced on May 27, 2004 to 15 years in prison plus five years of postrelease supervision. The Appellate Division affirmed the judgment of conviction, concluding that "[u]nder the circumstances of this case, the prosecution discharged its statutory obligation to provide notice of intent to offer identification testimony at trial" (28 AD3d 677 [2d Dept 2006]).

We agree. The People acknowledge that the customary and better practice is to give defendant notice of all prior police-arranged identifications made by a witness from whom they intend to elicit in-court identification testimony. CPL 710.30 (1) (b), however, only mandates preclusion in the absence of timely notice "specifying" the pretrial identification evidence "intended to be offered" at trial. Because evidence of a witness's pretrial photographic identification of an accused is not admissible in the prosecution's case-in-chief (*see People v Cioffi*, 1 NY2d 70 [1956]; *People v Caserta*, 19 NY2d 18 [1966]), the People could not intend to offer it at trial, and therefore the CPL 710.30 (1) (b) notice in this case was adequate.

While the dissent puts forward sound policy reasons to support notice of photographic arrays, we are unwilling to read the statute more expansively than the Legislature has chosen to write it, especially when the remedy is preclusion. Further, the

Appellate Division's decisions in this case and in *People v Simmons* (221 AD2d 484 [2d Dept 1995]) belie any notion that we are today upending the "common understanding" of the correct answer to a question that we have never before been asked (*see* dissenting op at 865).

CIPARICK, J. (dissenting). I respectfully dissent. The People's failure to notify defendant pursuant to CPL 710.30 that the complainant identified him from a police-arranged photo array prior to the point-out identification should have resulted in the preclusion of complainant's identification testimony. As a result, I would reverse defendant's conviction and remit the case to Supreme Court for a new trial.

As relevant here, CPL 710.30 provides that "[w]henever the people intend to offer at trial . . . testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered" (CPL 710.30 [1] [b]). The statutory remedy for the People's failure to provide such notice is that "no evidence of a kind specified in [710.30 (1)] may be received against [the defendant] upon trial unless he [or she] has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible" (CPL 710.30 [3]). The remedy of preclusion applies regardless of whether the defendant is prejudiced by the lack of notice (*see People v Lopez*, 84 NY2d 425, 428 [1994]).

We have previously determined that the primary "concern motivating the statute was the possibility . . . that pretrial identification procedures could be so suggestive or misleading as to compromise a defendant's constitutional right to due process of law. The danger sought to be avoided is, and always has been, the risk of convicting the innocent through tainted identification procedures" (*People v Gee*, 99 NY2d 158, 161-162 [2002]). Our cases have likewise recognized "the orderly, swift and efficient determination of pretrial motions" as an additional statutory objective (*People v O'Doherty*, 70 NY2d 479, 488 [1987]). "Permitting the People to rely on defendant's eventual receipt of the information through discovery would undermine the statutory scheme and negate the legislative directive embodied in the amended statute" (*Lopez*, 84 NY2d at 429).

Significantly, in the past this Court has permitted only two exceptions to the notice and hearing requirements of CPL

710.30 (*see People v Boyer*, 6 NY3d 427, 431 [2006]). These situations arise either when the defendant is known to the person making the identification or when a trained officer makes a "confirmatory identification" as " 'the ordinary and proper completion of an integral police procedure' " (*Boyer*, 6 NY3d at 431-432, quoting *People v Wharton*, 74 NY2d 921, 922-923 [1989]). In these types of cases, the circumstances surrounding the identification establish a degree of reliability that, as a matter of law, demonstrates the identification is not suggestive.

The majority's interpretation of 710.30 as merely requiring notice of identification evidence that the People intend to offer at trial is far too narrow. The Court has typically refrained from interpreting this statute in a manner "that places too much emphasis on [its] literal language when doing so would produce results plainly at odds with the policy of the legislation as a whole" (*People v White*, 73 NY2d 468, 474 n 1 [1989]; *see also People v Dixon*, 85 NY2d 218, 222 [1995] ["Our precedent does not support a restrictive definition of 'police-arranged' procedures"]).

The legislative intent underpinning the notice requirement is to ensure that a defendant has the opportunity to explore—in a timely and efficient fashion—whether the identification procedures comport with due process and whether suggestive procedures may have tainted other evidence. Further, notice of identification evidence is crucial since the defendant will often be unaware of police-arranged identification procedures. For this reason, the burden is placed squarely on the People to provide notice to the defendant, rather than on the defendant to attempt to ascertain what identification procedures may have taken place. Thus, the best way to effectuate the purpose of the statute is to provide the defendant with swift notice of police-arranged photographic identifications.

That a photo identification is not ultimately admissible at trial is not determinative. A police-arranged photo identification can be as suggestive as any other type of identification procedure that would require notice.

> "In criminal investigations, the police employ a variety of identification procedures—including lineups, one-on-one showups, photo arrays, and . . . single-photo displays. While such techniques help assure that the right person has been or will be arrested, if tainted by suggestion they can lead to irreparable misidentification. 'The influence of improper sug-

gestion upon identifying witnesses probably accounts for more miscarriages of justice than any other single factor—perhaps it is responsible for more such errors than all other factors combined' " (*People v Rodriguez*, 79 NY2d 445, 448-449 [1992] [citation omitted]).

Thus, the Court has previously recognized the potentially devastating consequences suggestive identification procedures can have on criminal defendants. However, under the majority's rule, the People no longer have to provide notice of a suggestive photo array that may ultimately taint a later identification, simply because the array would not be admissible at trial. That interpretation also leaves open the possibility that notice of other suggestive identification procedures will not be provided to the defendant so long as the People do not intend to introduce them at trial. Such a stunning result is clearly contrary to the spirit and purpose of CPL 710.30.

Moreover, the common understanding—until now—has been that the People are required to provide notice of these types of police-arranged procedures. Previous decisions of this Court reflect the view that police-arranged photographic identifications require notice under the statute (*see e.g. Gee*, 99 NY2d at 163; *People v Moss*, 80 NY2d 857, 858 [1992]; *Rodriguez*, 79 NY2d at 448-449; *People v Laing*, 79 NY2d 166, 169 [1992]; *People v Gissendanner*, 48 NY2d 543, 552 [1979]; *compare People v Herner*, 85 NY2d 877, 879 [1995] [finding notice was not required where prosecutor showed witness lineup photographs in preparation for trial "because there was no identification procedure under CPL 710.30"]). Commentators have expressed a similar interpretation of the notice requirement (Hibel, New York Identification Law § 1.02 [10], at 83 [2006 ed] ["the prevailing view is that a defendant is entitled to notice of a pretrial photographic identification"]; *see also* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 710.30, at 219).

In this case, the People should have notified the defendant of the police-arranged photo identification. Merely precluding evidence of the photo identification would indeed be a hollow remedy since, as the majority notes, such evidence is not admissible against the defendant at trial anyway. Moreover, the question of prejudice is "irrelevant" (*see Lopez*, 84 NY2d at 428). Since I view the photo identification procedure as evidence requiring notice under the statute, the appropriate remedy for the failure to provide such notice is preclusion of the claimant's identifica-

tion evidence under CPL 710.30 (3). Thus, defendant's conviction should be reversed and a new trial ordered.

Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge CIPARICK dissents and votes to reverse in an opinion in which Chief Judge KAYE concurs; Judge JONES taking no part.

Order affirmed in a memorandum.