■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TROTT, Appellant. [848 NYS2d 235]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered September 27, 2005, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant allegedly sold $60 worth of crack cocaine to an undercover police officer. He was arrested one week later and charged with one count of criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1]). At a pretrial *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]), the hearing court suppressed evidence of the undercover officer's identification of the defendant on the date of his arrest on the ground that the undercover officer was subjected to an unduly suggestive pretrial identification procedure. However, the hearing court found an independent source based upon the undercover officer's observation of the defendant during the drug transaction. As such, the hearing court would only permit the prosecution to elicit an in-court identification.

At trial, despite the hearing court's suppression ruling, the prosecution sought to elicit that the undercover officer was present when the defendant was arrested, and that he saw the defendant leave the location of the previous drug buy. The trial court prohibited this line of questioning based upon the hearing court's ruling. Nevertheless, over the defendant's objection, the

undercover officer was permitted to testify that he was working on the date of the arrest. The defendant was found guilty and now appeals on the ground that he was deprived of a fair trial. We reverse.

The defendant was denied a fair trial when the prosecution elicited testimony that permitted the jury to infer that the undercover officer identified the defendant on the date of his arrest (*see People v Milligan*, 309 AD2d 950 [2003]). The admission of testimony regarding the pretrial identification not only violated the hearing court's suppression ruling (*see People v Calabria*, 94 NY2d 519 [2000]), but it also constituted impermissible bolstering (*see People v Howard*, 87 NY2d 940 [1996]; *People v Eyre*, 138 AD2d 397 [1988]). Contrary to the prosecution's contention, the error was not harmless, since the only evidence against the defendant consisted of the in-court identification (*see People v Eyre*, 138 AD2d 397 [1988]). Accordingly, a new trial is required (*see People v Crimmins*, 36 NY2d 230, 241 [1975]).

In light of the foregoing determination, we need not reach the defendant's remaining contentions. Miller, J.P., Ritter, Skelos and Covello, JJ., concur.