*655 OPINION OF THE COURT
Patricia M. DiMango, J.
Defendant Quandel Smothers has moved before this court for an order, pursuant to CPL 710.30 (3), seeking to preclude the People from offering at trial the eyewitness identification testimony of one Stofaney Worthy. He contends that the People’s failure to provide him with proper notice of their intention to offer such evidence at his trial pursuant to CPL 710.30 (1) (b) warrants such remedy.
The People oppose the motion and urge this court to permit such testimony because they claim that, where a witness makes an out-of-court identification which is inadmissible at trial (i.e., a photographic identification), CPL 710.30 (1) (b) notice requirements are not triggered.
Upon due consideration of all of the parties’ submissions and after hearing oral argument thereon, the court holds that the motion is granted, for the reasons previously stated on the record on March 27, 2008 and as further discussed herein.
Factual and Procedural Background
The defendant herein stands charged with attempted murder and various counts of assault and possession of a firearm, following a shooting which occurred on August 7, 2007, in Brooklyn, Kings County, and caused serious injuries to the victim, Mazi Worthy.
The defendant was subsequently arrested on August 10, 2007, and was arraigned upon a felony complaint in Criminal Court the following day. The Criminal Court file jacket reflects the service upon the defense of notice pursuant to CPL 710.30 (1) (a) and (b). A copy of both notices is contained in the court file.
On August 29, 2007, the instant indictment was filed, and on September 14, 2007, the defendant was arraigned thereon. At the defendant’s Supreme Court arraignment, the District Attorney served CPL 710.30 (1) (b) notice on the defense. It was identical in form and substance to that previously filed with the court.
The document, captioned, “Notice Pursuant to CPL § 710.30 (1) (b),” “Identification Notice,” reads as follows:
“Please take notice that the People intend to offer on their direct case at trial of this action testimony regarding an observation of the defendant either at the time and place of the commission of the offense *656 or upon [such] other occasion relevant to the case by a witness who has previously identified the defendant(s), as specified below.”
Set forth directly below in these notices is the recitation of “ID Witness,” Mazi Worthy’s “positive” photographic array identification.
Significantly, the CPL 710.30 (1) (b) notice, served in both Criminal Court and Supreme Court, disclosed only that Mazi Worthy, who made a “positive” photographic array identification on August 10, 2007, at 14:30, at Brookdale Hospital to Police Officer Kenneth Anderson, would be offered on the People’s direct case as an identification witness. No other notice pursuant to CPL 710.30 (1) (b) was given on either occasion with respect to any other witness, and indeed, the People make no claims to the contrary. However, the People have made it clear that at the trial of defendant Quandel Smothers they intend to offer eyewitness identification testimony, to be given not only by Mazi Worthy, but also by his spouse, Stofaney Worthy, for which concededly no CPL 710.30 (1) (b) notice was ever served or filed.
Regarding such notice, CPL 710.30 provides, in relevant part, as follows:
“1. Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant . . . , or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered . . .
“3. In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.70” (emphasis supplied).
Thus, defendant Quandel Smothers stresses that he is moving this court for an order precluding the People from introducing at trial any identification testimony of the unnoticed witness, Stofaney Worthy, and not for suppression of identification *657 testimony based upon any pretrial identification procedures in which she participated. Defendant seeks this form of relief notwithstanding that Stofaney Worthy had previously identified the defendant from a photographic array as the person who shot her husband. (The court observes that a motion for suppression waives the right to seek preclusion for lack of CPL 710.30 notice.)
The People have opposed this motion and maintain that, although they failed to serve notice pursuant to CPL 710.30 (1) (b) as to Stofaney Worthy’s photographic identification of the defendant, preclusion of Mrs. Worthy’s testimony does not here lie and that the trial court should permit her to render in-court identification testimony of the defendant.
Legal Discussion
“CPL 710.30 is a notice statute intended to facilitate a defendant’s opportunity to challenge before trial the voluntariness of statements made by him, and the reliability of his identification by others. Thus, . . . whenever the People intend to offer evidence of defendant’s statements to a public officer or testimony of observations of defendant, they must serve notice of such evidence on defendant within 15 days of arraignment[*] and before trial” (People v Lopez, 84 NY2d 425, 428 [1994] [citations omitted]).
The People readily admit here that they never provided the defense with any notice that Stofaney Worthy would testify on their direct case that the defendant was the person who shot her husband or that she had positively identified him as such from a photographic array. Rather, citing to People v Grajales (8 NY3d 861 [2007]), they argue that, since pretrial photographic identification procedures are inadmissible upon the People’s case-in-chief, notice in accordance with CPL 710.30 (1) (b) is not required, and that, a fortiori, preclusion of her in-court identification of the defendant does not lie.
In Grajales, the victim of a robbery had initially identified the defendant at the police station from a photographic array as being one of the perpetrators. One week later, the victim saw the defendant on the street and pointed him out to the police, who thereupon arrested him. Thereafter, the People served CPL 710.30 (1) (b) notice upon the defense which referenced the on-the-street point out, but did not mention the prior photographic *658 identification. Having subsequently discovered that the photographic identification had taken place, the defense moved to preclude both the victim’s in-court identification as well as the victim’s out-of-court identification. That motion was denied by the trial court. The Appellate Division, in affirming the defendant’s conviction, found that “[u]nder the circumstances of [that] case, the prosecution [had] discharged its statutory obligation to provide notice of intent to offer identification testimony at trial” (People v Grajales, 28 AD3d 677, 677 [2006] [citations omitted]).
The Court of Appeals affirmed, stating that “CPL 710.30 (1) (b) . . . only mandates preclusion in the absence of timely notice ‘specifying’ the pretrial identification evidence ‘intended to be offered’ at trial” (People v Grajales, 8 NY3d at 862). The Court reasoned that, since evidence of a witness’ pretrial photographic identification is not admissible as evidence-in-chief, “the People could not intend to offer it at trial, and therefore the CPL 710.30 (1) (b) notice in this case was adequate” (id. [emphasis supplied]).
In urging this court to deny preclusion, the People assert that the Grajales holding, which “rests on a matter of simple statutory interpretation,” should not be limited to its specific facts. This court does not agree.
Grajales did not expressly overrule any of the Court of Appeals prior precedents interpreting or applying the notice and preclusion rules of CPL 710.30. Indeed, Grajales did not hold nor even suggest that the People are not obligated to serve CPL 710.30 notice as to a prospective identifying witness who made a prior photographic identification. Accordingly, “[w]hen a witness identifies a defendant out of court, CPL 710.30 requires that if the People intend to have the witness identify the defendant at trial, they must serve upon the defendant a notice of their intention to use identification testimony within 15 days of arraignment” (People v McMullin, 70 NY2d 855, 856 [1987]).
What this court interprets Grajales as stating is that where the pretrial identification procedure is one that would not be admissible at trial on the People’s case-in-chief, such as a photographic array, it is that identification procedure that need not be noticed. However, since in Grajales notice was given of the intention to present identification testimony through a witness who had made a prior, out-of-court identification, there was compliance with the statute and preclusion was not warranted. Here, by contrast, no notice whatsoever was provided *659 with respect to any identification testimony to be proffered through Stofaney Worthy.
It seems clear, upon a plain reading of the statute, that notice must always be given of the People’s intention to present identification/observation testimony by a witness “who has previously identified [the defendant as the perpetrator]” and that the People must specify “the evidence intended to be offered” (CPL 710.30 [1] [b]), namely, in-court testimony identifying the defendant as the perpetrator, the person fleeing the scene, the person later found to be in possession of the fruits of the crime, etc., or, testimony to be presented upon trial regarding an out-of-court identification of the defendant as the perpetrator, etc. (pursuant to either CPL 60.25 or 60.30), such as a lineup. It is, therefore, the existence of the prior, out-of-court identification which is the triggering event for the requirement of notice, and the “notice” that the People are obligated to serve is of their “intent to offer” in-court identification testimony by any witness who made such a prior identification.
This conclusion is consonant with the literal language of the statute as well as its intent. As noted, the statute, read literally, obligates the People to serve notice that they “intend to offer” identification testimony from a witness who previously identified the defendant (this clearly includes Stofaney Worthy) and further obligates them to “specify” the identification evidence they intend to offer. The People did neither here, in stark contrast to Grajales, whose facts are distinguishable. There, the defense was given notice that the eyewitness in question had participated in at least one out-of-court identification procedure but not both. Thus, in Grajales the case turned on the nature and extent of the notice given; failure to provide notice was never in issue.
The People’s position is likewise rebutted by the statute’s intent. The statute’s promulgation
“ ‘was ... a legislative response to the problem of suggestive and misleading pretrial identification procedures treated by the [United States] Supreme Court in Gilbert v California, United States v Wade and Stovall v Denno’ . . . CPL 710.30 sets forth a procedure to provide notice to a defendant who might otherwise be unaware that the People are in possession of such evidence and thus allows the defendant to test the reliability of the identification before trial” (People v White, 73 NY2d 468, 474 *660 [1989], cert denied 493 US 859 [1989] [citations omitted]).
In fact, the Supreme Court in United States v Wade (388 US 218, 240 [1967]) noted counsel’s “predicament” if the State were to “rest upon the witnesses’ unequivocal courtroom identification” and deny defense counsel a fair chance to contest the pretrial procedure and its possible taint on the in-court identification.
Significantly, by contrast to corporeal procedures, the accused is not present at a photographic identification procedure. Thus, it is likely that an attorney may not learn of the pretrial procedure before trial. The People do not dispute, nor does the holding in Grajales refute, a defendant’s right to litigate the constitutionality of any identification procedures, or to contest the due process prohibition against undue suggestiveness.
In conclusion, since the People provided no notice that the prosecution intended to present testimony by Stofaney Worthy of her observations of the defendant as the person who shot her husband, where Mrs. Worthy had identified the defendant from a photographic array, the motion to preclude must be granted.
Accordingly, Stofaney Worthy shall be precluded from testifying as to any observations she may have made of the defendant, and thus she will not be permitted to identify the defendant in court as her husband’s shooter.

 Timely service of notice is not here in issue.