■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FITZGERALD, Appellant. [872 NYS2d 281]—Appeal by the defendant from a judgment of the County Court, Suffolk County (R. Doyle, J.), rendered August 9, 2006, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing

sentence. The appeal brings up for review the denial, after a hearing (J. Doyle, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that the County Court should have suppressed the pretrial photographic and in-court identification testimony by two detectives because the People failed to timely notify him of the photographic identification pursuant to CPL 710.30. Contrary to the defendant's contention, the court properly denied that branch of his omnibus motion (*see People v Grajales*, 8 NY3d 861, 862 [2007]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.