■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAYSHAWN PERKINS, Appellant. [876 NYS2d 517]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered June 14, 2005, convicting him of attempted murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (J. Goldberg, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On the day the defendant was arrested for the crimes charged in this case, some three months after they were committed, the police sought to conduct a lineup, but the defendant refused to participate. The police then photographed the defendant and showed the complainant a "lineup" with that photograph and the photographs of the men who had been chosen to participate in the lineup. One of the victims identified the photograph of the defendant as that of the shooter. Nine months after the crimes were committed, the defendant participated in a corporeal lineup, at which the same victim identified him. Testimony regarding both identifications was admitted at trial. We reject the defendant's contention that admission of evidence of the photographic "lineup" was error.

In general, evidence regarding pretrial photographic identifications is not admissible at trial (*see People v Grajales,* 8 NY3d 861, 862 [2007]; *People v Cioffi,* 1 NY2d 70, 73 [1956]; *People v Caserta,* 19 NY2d 18, 21 [1966]). This general prohibition is based in large part on the inference a jury may draw that possession by the police of the defendant's photograph was the result of prior arrests (*see People v Johnson,* 100 AD2d 134, 139 [1984]). Here, however, it was the defendant himself, who, by his refusal to participate in the lineup, made resort to the photographic identification necessary. A person lawfully in police custody has no right to refuse to participate in a lineup (*see People v Whitaker,* 64 NY2d 347, 351 [1985]). It would thus be inappropriate to allow the defendant's refusal to participate in a lineup to give rise to an inference by the jury that the identification testimony was suspect because the defendant was not identified in a lineup until nine months after the crime. Significantly, the jury was made aware that the defendant's photograph was taken on the day of the photographic "lineup" and was not in the possession of the police by reason of a previ-

ous arrest (*cf. People v Johnson,* 100 AD2d at 139). Under the circumstances here, therefore, it was not improper to admit evidence of the photographic "lineup."

The defendant's remaining evidentiary contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, any errors were harmless (*see People v Crimmins,* 36 NY2d 230, 237, 242 [1975]; *People v Moore,* 49 AD3d 901, 902 [2008]).

The defendant's trial attorney provided meaningful representation (*see People v Benevento,* 91 NY2d 708, 712-714 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]). Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.