■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO NOLASCO, Appellant. [894 NYS2d 527]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heffernan, Jr., J.), rendered December 20, 2007, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On September 12, 2006, two men, one of whom displayed a handgun, robbed Jorge Morales (hereinafter Jorge) and his brother, Jose Morales (hereinafter Jose), on a residential street, and then fled the area. The next day at the local police precinct house, after viewing numerous photographs on a "photo manager computer," each brother separately picked out a photograph of the defendant, and indicated that he was one of the robbers. Eight days later, the defendant was apprehended and brought to the precinct house, and Jorge picked the defendant out of two lineups arranged by the police. The People timely served notice pursuant to CPL 710.30 (1) (b) that they intended to present identification testimony from Jorge, but no such notice was served regarding any intent to produce identification testimony from Jose. The lineup identifications were suppressed after a pretrial *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) but, after conducting an independent source hear-

ing, the hearing court ruled that Jorge could make an in-court identification of the defendant.

At trial, after Jorge testified and made his in-court identification, the People called Jose as a witness, and indicated that they intended to elicit an in-court identification from him as well. The defendant moved to preclude Jose's in-court identification, arguing that Jose should not be permitted to make an in-court identification because of the lack of notice pursuant to CPL 710.30 (1) (b), and because his in-court identification would have been tainted by the fact that a photograph of the defendant was on display when he entered the courtroom as a witness. The People suggested that, in the alternative, an independent source hearing should be conducted to determine whether the photograph on display in the courtroom would have influenced Jose's identification, and the defendant informed the trial court that an independent source hearing would be "better than nothing." The trial court denied the defendant's motion to preclude Jose's in-court identification based on the Court of Appeals' decision in *People v Grajales* (8 NY3d 861 [2007]), concluding that *Grajales* "announced [the] law in this state to be that no notice of photographic identification is required." After an independent source hearing was conducted, Jose was permitted to make an in-court identification of the defendant. The jury ultimately found that the defendant was guilty of robbery in the first degree, after it reported that it was deadlocked and the trial court delivered an *Allen* charge (*see Allen v United States*, 164 US 492 [1896]).

The Supreme Court should have granted the defendant's motion to preclude Jose from making an in-court identification. Whenever the People intend to offer identification testimony from a witness who has "identifie[d] a defendant out of court, CPL 710.30 requires that . . . they must serve upon the defendant a notice of their intention to use [the] identification testimony" (*People v McMullin*, 70 NY2d 855, 856 [1987]; *see People v Smothers*, 20 Misc 3d 654, 659-660 [2008]). Contrary to the People's contention, the Court of Appeals' decision in *People v Grajales* (8 NY3d 861 [2007]) does not excuse their failure to provide such notice. In *Grajales*, the People provided timely notice pursuant to CPL 710.30 (1) (b) that they intended to offer identification testimony from a complainant who had previously made a point-out identification, but the notice failed to mention a pretrial photographic identification made by the same complainant (*id.* at 862). The Court in *Grajales* held that since the People could not have intended to offer the inadmissible photographic identification at trial, the notice pursuant to CPL

710.30 (1) (b) omitting that information was not inadequate for failing to specify this identification (*id.*). Here, no statutory notice whatsoever was given by the People as to their intent to offer "testimony regarding an observation of the defendant . . . at the time or place of the commission of the offense" to be given by Jose, "a witness who has previously identified him as such" (CPL 710.30 [1] [b]; *see People v Smothers*, 20 Misc 3d at 658-659). Furthermore, and contrary to the People's contention, inasmuch as the only motion made by the defendant that could be deemed a motion to suppress Jose's identification testimony was based on an incident in the courtroom during trial that was wholly unrelated to any pretrial identification, this case does not fall under the exception to the preclusion rule set forth in CPL 710.30 (3) (*cf. People v Kirkland*, 89 NY2d 903, 904-905 [1996]). Accordingly, the denial of the defendant's motion to preclude Jose's in-court identification deprived him of a fair trial.

The defendant was also deprived of a fair trial when the trial court, over defense counsel's objection, permitted police officers to testify as to facts that permitted the jury to infer that the two brothers identified the defendant on the same day as that on which they reported the incident to the police, and that Jorge identified the defendant at the precinct house on the date of the defendant's arrest (*see People v Milligan*, 309 AD2d 950, 950-951 [2003]). This testimony constituted impermissible bolstering (*see People v Howard*, 87 NY2d 940, 942 [1996]; *People v Trott*, 46 AD3d 713, 714 [2007]; *People v Eyre*, 138 AD2d 397, 398 [1988]). In addition, the admission of evidence that permitted the jury to infer that Jorge identified the defendant on the day of his arrest violated the hearing court's determination suppressing Jorge's lineup identifications of the defendant (*see People v Trott*, 46 AD3d at 714).

Contrary to the People's contentions, these errors were not harmless, since the only evidence connecting the defendant to the crime was the in-court identifications (*id.; see People v Eyre*, 138 AD2d at 398). Accordingly, a new trial is required (*see People v Crimmins*, 36 NY2d 230, 241 [1975]).

In light of the foregoing determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.