People v Harris (2024 NY Slip Op 50031(U))

[*1]

People v Harris

2024 NY Slip Op 50031(U)

Decided on January 11, 2024

Supreme Court, Queens County

Miret, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 11, 2024
Supreme Court, Queens County

The People of the State of New York

against
Daniel Harris, Defendant.

Ind. No. 72483-2023

The People by:
Assistant District Attorney Yong Kim, Esq.
Queens County District Attorney's Office
Felony Trial Bureau II
125-01 Queens Boulevard
Kew Gardens, New York 11415
The Defendant by:
Findayawah Gbollie, Esq.
The Legal Aid Society
120-46 Queens Boulevard 
Kew Gardens, New York 11415

Gary F. Miret, J.

The defendant, Daniel Harris, has submitted an omnibus motion, dated October 10, 2023, seeking: inspection of the Grand Jury minutes and dismissal or reduction of the indictment; suppression of evidence; pre-trial voluntariness hearings; preclusion of evidence; an order for a bill of particulars; several discovery related orders; Brady/Vilardi material; Sandoval Relief; [*2]severance and leave to file further motions. The People's response, dated October 31, 2023, consents to some of the relief sought and opposes other relief. The court decides the motion as follows.
INSPECTION AND DISMISSAL OR REDUCTION
Defendant's motion to inspect the grand jury minutes is granted. The minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the prosecutor instructed the grand jurors on the law. The indictment substantially conforms to the requirements set forth in CPL § 200.50. The instructions were not defective as a matter of law and the proceedings were proper. Upon inspection of the grand jury minutes and exhibits, this court found the evidence to be legally sufficient to support all counts of the indictment.
The defendant indirectly attacks the integrity of the grand jury proceeding by suggesting that the testimony of Police Officer Zoe O'Donnell improperly implied to the grand jury that there was video footage of the robbery and thereby mislead the grand jury.(affirmation of defendant's attorney at 7) The basis of the defendant's claim appears on page 7 of the officer's testimony to the grand jury. Officer O'Donnell testified that after speaking to Mr. Garcia she went to the 7-11 store that Mr. Garcia had left shortly before being accosted by the defendant and co-defendant. There, Officer O'Donnell went inside and apparently viewed the store video surveillance footage and also spoke to people inside the store. (GJ tr at 17) Later, in her testimony, in response to a juror's question, Officer O'Donnell clarified that the video footage did not depict the alleged robbery of Mr. Garcia. (GJ tr at 21) This court finds the defendant's claim unfounded that the grand jury was misled by Police Officer O'Donnell.
The defendant's motion to release the grand jury minutes is partially moot and otherwise denied. In their certificate of compliance filed on August 24, 2023, the People certified that they had turned over the grand jury transcript to the defendant in accordance with the requirements of CPL § 245.20(1)(b). Thus, the defendant has received the portion of the grand jury transcript to which he is entitled pursuant to CPL § 245.20(1)(b). Otherwise, the defendant's motion is denied because release of the remainder of the grand jury minutes is not necessary to assist the court in determining defendant's motion to reduce or dismiss the indictment.

 MOTIONS TO SUPPRESS
The defendant motion to suppress physical evidence is granted to the extent that a Mapp/Dunaway hearing is ordered.
The defendant's motion to suppress identification evidence is granted to the extent that a Wade/Dunaway hearing is ordered.
The defendant's motion to suppress statement evidence is granted to the extent that a Huntley/Dunaway hearing is ordered.
The defendant's request for the People to produce at the hearing physical evidence, if any. is denied. (see People v Robinson, 118 AD2d 516 [1st Dept 1986].) If the defense wants to inspect the physical evidence prior to trial, the People are hereby ordered to arrange a mutually convenient time to do so with counsel. (CPL § 245.20[1][m]["There is also a right to inspect, copy, photograph, and test the listed tangible objects (obtained from, or allegedly possessed by, the defendant."])

 MOTION FOR PRE-TRIAL VOLUNTARINESS HEARING
The People failed to respond to the defendant's motion for a pretrial hearing to determine the voluntariness of any unnoticed statements he may have made to police officers or civilians that the People intend to introduce at trial. The People are directed to serve on the defendant and [*3]file with the court a supplemental affirmation stating whether the defendant made any unnoticed statements to either the police or to a civilian and whether they intend to use such unnoticed statements on cross examination of the defendant should he decide to testify. In the event the People affirm that the defendant made such statements and intend to cross examine the defendant should he testify, the court grants the defendant's motion for a voluntariness hearing.

PRECLUSION OF EVIDENCE
The People failed to address the defendant's motion to preclude any unnoticed statement or identification evidence. Accordingly, the defendant's motion to preclude unnoticed statement and identification evidence is granted to the extent that the People are precluded from introducing at trial such evidence for which timely statutory notice was required but not served. (CPL § 710.30[3]; People v Grajales, 8 NY3d 861, 862 [2007]; People v Nolasco, 70 AD3d 972, 973 [2d Dept.2020]). The determination as to whether a statement was properly noticed is left to the sound discretion of the hearing or trial judge.

REQUEST FOR A BILL OF PARTICULARS
The defendant's request for a bill of particulars is granted to the extent provided by the People pursuant to CPL § 200.95.

DISCOVERY-RELATED MOTIONS
In his motion, the defendant has moved for a number of orders relating to discovery. First, the defendant has requested the preservation and production of all radio and other recorded police communications relating to this case. This motion is denied as moot, because the People certified in their Certificate of Compliance dated August 24, 2023, that they disclosed all 911 calls, police body-worn camera recordings, a precinct debrief video and radio runs to the defense electronically. Should the People become aware of any additional recorded police communications, they are directed to preserve and disclose such evidence to the defense in a timely fashion in accordance with their obligations pursuant to CPL § 245.20(1)(g).
Second, the defendant's motion requiring the People to request from all New York State and local law enforcement agencies a complete copy of all records related to the prosecution of this case is denied, as the People have certified that they satisfied their automatic discovery obligations pursuant to CPL § 245.20(1) in their certificate of compliance dated August 24, 2023.
Third, the defendant's motion for an order requiring an additional certificate of compliance is denied, as the People have already certified their compliance with their obligation to provide exculpatory and impeachment material. The People are, however, reminded of their ongoing duty to discovery obligations. As to the defendant's specific Brady/Vilardi demands, the People are reminded of their continuing duty to disclose such information, which they acknowledge in their response papers.

 MOTION TO COMPEL BRADY/VILARDI MATERIAL
As to the defendant's demand for Brady/Vilardi material, the People are reminded of their continuing duty to provide evidence or information that is favorable to the defendant and is referred to the court's standing Brady order, which appears below.

 SANDOVAL 
 RELIEF
The defendant's request for a Sandoval hearing and, ultimately, the preclusion of evidence of prior bad acts is referred to the trial court. The People are reminded that the disclosure of Sandoval evidence that they intend to introduce at trial shall be made in accordance with the time frame set forth in CPL § 245.10(1)(b) and 245.20(3).

MOTION FOR SEVERANCE
The defendant and co-defendant are charged in the indictment as acting in concert in the robbery and assault of Byron Garcia. The defendant moves for severance pursuant to CPL § 200.40 and Bruton v United States, 391 U.S. 36 (1968) and Crawford v Washington, 541 U.S. 36 (2004) (affirmation of defendant's attorney at 21). Defendant argues that in a joint trial "severance is required where the prosecution intends to introduce a non-testifying co-defendant's statement that implicates the defendant, since the inability to cross-examine will violate the Confrontation Clause and the jury could not follow a limiting instruction." (affirmation of defendant's attorney at 21). Defendant adds that severance is proper alleging that his defense at trial will be in irreconcilable conflict with the co-defendant's and that co-defendant's counsel will likely take an aggressive stance against the defendant and become a second prosecutor. (affirmation of defendant's attorney at 24) Lastly, defendant argues severance is required because the co-defendant will testify for the defendant. The People oppose the defendant's motion, arguing that the anticipated differences in the two defenses do not amount to an irreconcilable conflict.
Bruton Severance
In Bruton, the Supreme court held that "where two defendants are tried jointly, the admission into trial evidence of a nontestifying co-defendant's extrajudicial statements, which are incriminating on their face and implicate the defendant, impermissibly violates defendant's constitutional right of confrontation and cross-examination of witnesses under the Confrontation Clause of the Constitution, even if the jury is instructed to consider that statement only against the declarant." United States v Pimentel, 2001 WL 185053, at *3 (E.D.N.Y Jan. 22, 2001) (Johnson J.) (citing Bruton v United States, 391 US 123, 136-37 (1968)) . In this case, the People have filed statement notice for both the defendant and co-defendant. The co-defendant's statement as alleged by the People in their notice is "He came at me with a two by four stick and I defended myself and was throwing upper cuts and hooks." The defendant's statement as alleged by the People is "He was hitting him with a stick. I know I did say bullshit" and "He fought me. So yall take him in an ambulance and arrest me. He fought me. I fought back." Here, the co-defendant's statements do not inculpate the defendant and do not implicate any concerns animated in Bruton. Accordingly, the defendant's motion to sever based on Bruton is denied.
Mahboubian Severance
CPL § 200.40 provides in relevant part, that, in its discretion and for good cause shown, a court may order that a defendant be tried separately from one or more co-defendants. Good cause includes a finding that a defendant "will be unduly prejudiced by a joint trial" (CPL § 200.40(1). Nonetheless, "in all cases a strong public policy favors joinder, because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses." (People v Mahboudian, 74 NY2d 174, 183 [1989].) The Court found that it "must appear that a joint trial necessarily will ... result in unfair prejudice to the moving party and substantially impair his defense" (see People v Mahboubian, supra at 184). In fact, where the proof against defendants, as in this case, comes from the same evidence, "only the most cogent reasons warrant separate trials" (see People v Chaplin, 181 AD2d 828 [2nd Dept 1992], appeal denied 79 NY2d 1047 [1992]). In the case at bar, the defendant has submitted nothing to suggest that a joint trial would likely result in unfair prejudice to him. He did not demonstrate that his defense is antagonistic to that of his co-defendant, nor that there is an intrinsic inconsistency between his defense and that of his co-defendant "such that the jury, in order to believe the core of one [*4]defense, must necessarily disbelieve the core of the other" (see People v Nixon, 77 AD3d 1443 [4th Dept 2010]). The defendants herein are charged with acting in concert with one another in the robbery and assault of Mr. Garcia and a jury could convict or acquit each defendant independently from the other in that the charges against both men are "easily segregable in the mind of the jury" (People v McNeil, 39 AD3d 206 [1st Dept 2009], appeal denied 13 NY3d 861 [2009]). Relatedly, the defendant has failed to present any evidence which the co-defendant may use against him in a manner unavailable to the prosecutor other than the potential cross examination of defendant which would not be limited by the court's Sandoval ruling. In the event the defendant testifies at a joint trial the defendant may seek a Cardwell-Williams hearing for the purpose of limiting any cross examination of him by the co-defendant concerning the underlying facts of prior convictions or bad acts, such hearing to be conducted concurrently with a Sandoval hearing prior to trial. (see People v Cardwell, 78 NY2d 996 [1991]; People v Williams, 142 AD2d 310 [2nd Dept 1988].) Accordingly, severance on the basis of antagonistic defenses is not warranted. 
Need for co-defendant's testimony!
The defendant has failed to make a showing that the co-defendant would testify if they were to be tried separately, that if the co-defendant were to testify what his testimony would be and that his testimony would tend to exculpate the defendant. (see People v Bornholdt, 33 NY2d 75, cert. den. sub nom. Victory v New York, 416 US 905 (1974); People v Owens, 22 NY2d 93, 98 (1968) ("there must be a showing of an intention to call the codefendant as a witness and a need to do so; the mere statement of intention is hardly sufficient unless the circumstances indicate sincerity of intention and reasonable need.); People v Villalobos, 108 AD2d 887 (1985); People v Mouzon, 154 AD2d 626 (2nd Dept 1989).
The defendant's request to present arguments in favor of his motion for severance on an ex parte basis pursuant to CPL § 200.20(3)(b)(i). That section applies only in circumstances where a defendant is charged in an indictment with two or more offenses or groups of offenses based on different criminal transactions, and based on a convincing showing, has both important testimony to give concerning one count and a genuine need to refrain from testifying on the other. Here, the defendant is not charged in the indictment with different criminal transactions. The defendant's motion to present arguments in favor of severance on an ex parte basis is denied.
Accordingly, the defendant's motion in all respects for severance is denied.

ORDER TO COUNSEL
This court issues this order as both a reminder and a directive that counsel uphold their constitutional, statutory and ethical responsibilities in the above-captioned proceeding:
To the Prosecutor:
The District Attorney and the Assistant responsible for the case, or, if the matter is not being prosecuted by the District Attorney, the prosecuting agency and its assigned representative, is directed to make timely disclosures of information favorable to the defense as required by Brady v Maryland, 373 US 83 (1963), Giglio v United States, 405 US 150 (1972), People v Greasley, 54 NY2d 510 (1981), and their progeny under the United States and New York State constitutions, and pursuant to Criminal Procedure Law (CPL) article 245 and Rule 3.8(b) of the New York State Rules of Professional Conduct, as described hereafter.
• The District Attorney and the Assistant responsible for the case have a duty to learn of such favorable information that is known to others acting on the government's behalf in the case, including the police, and should therefore confer with investigative and [*5]prosecutorial personnel who acted in this case and review their and their agencies' files directly related to the prosecution or investigation of this case.
• Favorable information could include, but is not limited to:
a) Information that impeaches the credibility of a testifying prosecution witness, including (i) benefits, promises, rewards or inducements, express or tacit, made to a witness by a law enforcement official or law enforcement victim services agency in connection with giving testimony or cooperating in the case; (ii) a witness's prior inconsistent statements, written or oral; (iii) a witness's prior convictions and uncharged criminal conduct; (iv) information that tends to show that a witness has a motive to lie to inculpate the defendant, or a bias against the defendant or in favor of the complainant or the prosecution; and (v) information that tends to show impairment of a witness's ability to perceive, recall, or recount relevant events, including impairment of that ability resulting from mental or physical illness or substance abuse.
b) Information that tends to exculpate, reduce the degree of an offense, or support a potential defense to a charged offense.
c) Information that tends to mitigate the degree of the defendant's culpability as to a charged offense, or to mitigate punishment.
d) Information that tends to undermine evidence of the defendant's identity as a perpetrator of a charged crime, such as a non-identification of the defendant by a witness to a charged crime or an identification or other evidence implicating another person in a manner that tends to cast doubt on the defendant's guilt.
e) Information that could affect in the defendant's favor the ultimate decision on a suppression motion.
• Favorable information shall be disclosed whether or not it is recorded in tangible form, and irrespective of whether the prosecutor credits the information.
• Favorable information must be timely disclosed in accordance with the United States and New York State constitutional standards, and in accordance with the timing provisions of CPL article 245. The prosecutor is reminded that the obligation to disclose is a continuing one. Prosecutors should strive to determine if favorable information exists. The prosecutor shall disclose the information expeditiously upon its receipt and shall not delay disclosure if it is obtained earlier than the time period for disclosure in CPL 245.10(1).
• A protective order may be issued for good cause pursuant to CPL 245.70 with respect to disclosures required under this order.
• Failures to provide disclosure in accordance with CPL Article 245 are subject to the available remedies and sanctions for nondisclosures pursuant to CPL 245.80.
• Only willful and deliberate conduct will constitute a violation of this order or be eligible to result in personal sanctions against a prosecutor.
To Defense Counsel:
Defense counsel, having filed a notice of appearance in the above captioned case, is obligated under both the New York State and the United States Constitution to provide effective representation of defendant. Although the following list is not meant to be exhaustive, counsel shall remain cognizant of the obligation to:
a) Confer with the client about the case and keep the client informed about all significant developments in the case;
b) Timely communicate to the client any and all guilty plea offers, and provide reasonable advice about the advantages and disadvantages of such guilty plea offers and about the potential sentencing ranges that would apply in the case;
c) When applicable based upon the client's immigration status, ensure that the client receives competent advice regarding the immigration consequences in the case as required under Padilla v Kentucky, 559 US 356 (2010);
d) Perform a reasonable investigation of both the facts and the law pertinent to the case (including as applicable, e.g., visiting the scene, interviewing witnesses, subpoenaing pertinent materials, consulting experts, inspecting exhibits, reviewing all discovery materials obtained from the prosecution, researching legal issues, etc.), or, if appropriate, make a reasonable professional judgment not to investigate a particular matter;
e) Comply with the requirements of the New York State Rules of Professional Conduct regarding conflicts of interest, and when appropriate, timely notify the court of a possible conflict so that an inquiry may be undertaken or a ruling made;
f) Possess or acquire a reasonable knowledge and familiarity with criminal substantive, procedural and evidentiary law to ensure constitutionally effective representation in the case; and
g) When the statutory requirements necessary to trigger required notice from the defense are met (e.g., a demand, intent to introduce particular evidence, etc.), comply with the statutory notice obligations for the defense as specified in CPL 250.10, 250.20, and 250.30.
This constitutes the decision and order of the court.

LEAVE TO FILE FURTHER MOTIONS
The branch of the motion requesting leave to file additional motions is granted to the extent recognized by CPL § 255.20(3).
This constitutes the decision and order of the court.
The Clerk of the court is directed to distribute copies of this decision and order to the attorney for the defendant and to the District Attorney.
January 11, 2024
______________________
GARY F. MIRET, A.J.S.C.